Rodney Dale REEVES *v*. STATE of Arkansas

CR 77-220                                    564 S.W. 2d 503

Opinion delivered April 10, 1978
(Division I)
[Rehearing denied May 15, 1978.]

*Matthew Horan,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was charg-

ed with the theft of a 1973 Volkswagen car by receiving — an offense that is essentially what was formerly known as receiving stolen property. Ark. Stat. Ann. § 41-2206 (Repl. 1977). Upon trial by jury he was found guilty and was sentenced, as a habitual offender, to 10 years' imprisonment and to a $10,-000 fine. Several points for reversal are argued by court-appointed counsel.

The State's proof showed that on the night of August 27, 1976, the appellant Reeves and Mike Lovell, a police informant, drove together in Reeves's car from Fort Smith to Fayetteville for the purpose of stealing a Volkswagen. In Fayetteville the two men found a car of the kind that Reeves wanted. Lovell actually stole the car and followed Reeves back to Fort Smith. There they drove the Volkswagen into a garage next to Reeves's residence and used specialized tools to remove the several V.I.N.'s (vehicle identification numbers) from the stolen car. Lovell was paid $150 for his assistance when he left at about dawn. The police obtained a search warrant and searched the premises, finding the vehicle in question and several other Volkswagens from which the V.I.N.'s had been similarly removed.

It is first argued that the court should have granted a defense motion for a month's continuance and a defense motion for a second preliminary hearing. Our difficulty with respect to both motions arises from the absence of any *facts* tending to show why the court abused its discretion in denying the motions.

Neither motion was supported by the proffer of testimony. Counsel simply argued that 18 days was not sufficient time for him to prepare the case for trial and that a second preliminary hearing should be ordered because Reeves, as a result of having been found not to be an indigent, was not represented by counsel at the first preliminary hearing. It is argued here, as it was in the court below, that the issues in the case were so complex that it could not be properly prepared for trial in 18 days and that evidence favorable to Reeves might have been developed at a second preliminary hearing. We have, however, no facts to go on except the record of the actual trial as abstracted by counsel. That record indicates that Reeves received a fair trial and was well

represented. In matters of this kind, turning essentially upon the many practical considerations that must be taken into account in setting a case for trial, we must depend upon the sound judgment of the trial court unless a clear abuse of discretion is made to appear. That showing has not been made in this case.

It is next argued that the court should not have allowed the State to prove Reeves's commission of other offenses; that is, that the officers found on Reeves's premises other Volkswagens from which the V.I.N.'s had been removed. The State did not actually try to show that the other vehicles had been stolen, though no doubt the jury so inferred. Even so, the proof was admissible as tending to show Reeves's knowledge that the 1973 Volkswagen in question had been stolen. Evidence of other crimes may be admissible to show knowledge. Ark. Stat. Ann. § 28-1001, Rule 404 (b) (Supp. 1977). It makes no difference that the prosecution had already shown by a witness that Reeves had participated in the theft of the Volkswagen. The State was entitled to prove its case as conclusively as it could. That Reeves possessed other vehicles from which the V.I.N.'s had been removed in a similar manner was competent evidence to suggest to the jury that he had so removed the V.I.N.'s from the Volkswagen in question for the purpose of preventing its possible identification as stolen property; in short, he must have known that it was stolen.

Third, the appellant questions the admissibility of the State's proof of previous convictions under the habitual criminal statute. Three of the four convictions that were proved showed that the sentences had been suspended. It is argued that such a judgment is not a "conviction" within the meaning of the habitual criminal law.

In *Rogers* v. *State*, 260 Ark. 232, 538 S.W. 2d 300 (1976), we held that under the habitual criminal statute in effect in 1975, a judgment imposing a suspended sentence was admissible as a conviction. Act 228 of 1953, as amended. That statute was superseded by the Criminal Code, which became effective on January 1, 1976, under which the case at bar was tried. Act 280 of 1975, § 1001 (a section now in turn superseded by Act 474 of 1977, § 4; Ark. Stat. Ann. § 41-1001

[Repl. 1977]). We do not see, however, any such difference between the language of the statute construed in the *Rogers* case and that of the 1975 Code as to indicate a change in the legislative intention. On this point counsel for the appellant argues that in *Rogers* we relied in part upon a reference in the 1953 statute's emergency clause to "persons *committing* more than one felony," a phrase not to be found in the 1975 Code. The Code, however, was a comprehensive act made up of hundreds of sections. There was no reason for the legislature to repeat the quoted phrase in its emergency clause. There is, however, a reason for us to hold, as we do, that if the legislature meant for its earlier language to include judgments imposing a suspended sentence, as we decided in *Rogers*, then the legislature had the same intention in re-enacting substantially the same language in the Criminal Code. It may be noted, in passing, that the 1977 statute, not applicable to this case, may have adopted the view now urged upon us by this appellant. See Ark. Stat. Ann. § 41-1001 (Repl. 1977).

It is also argued that the State's proof of two previous convictions, both in Sebastian Circuit Court, was inadmissible, because the circuit clerk's testimony about them was based upon the court's docket entries. It is true that a docket notation is not the entry of a final judgment. *Herrod* v. *Larkins*, 183 Ark. 509, 36 S.W. 2d 667 (1931). The habitual criminal law applicable to this case provides, however, that a previous conviction may be proved by any evidence that satisfies the trier of fact that the defendant was convicted. Act 280 of 1975, § 1003. Under the Uniform Rules of Evidence, preliminary questions about the admissibility of evidence are decided by the trial court. Ark. Stat. Ann. § 28-1001, Rule 104 (a) (Supp. 1977). Under Rule 803 (8) of those rules, a record of a public office setting forth its regularly conducted and regularly recorded activities is not hearsay (which was the objection made in the trial court). Here the trial court decided that the testimony of its own clerk, based upon its own docket entries, was proper for the jury's consideration. The Uniform Rules of Evidence are to be construed to the end that the truth may be ascertained and proceedings justly determined. Rule 102. Here there is no suggestion whatever that the docket entries did not correctly reflect the court's judgments in the earlier

cases in which Reeves was convicted. We find no sound basis for saying that the trial judge's ruling was wrong.

Other minor points are argued, but they are without merit.

Affirmed.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.