Rodney Dale REEVES, Petitioner,

v.

Jim MABRY, Commissioner of Corrections of the State of Arkansas, and State of Arkansas, Respondents.

Civ. No. 78–2159.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Oct. 24, 1979.

Robert S. Blatt, Fort Smith, Ark., for petitioner.

Alice Ann Burns, Asst. Atty. Gen., Little Rock, Ark., for respondents.

## MEMORANDUM OPINION

PAUL X WILLIAMS, Chief Judge.

On November 16, 1978, the petitioner, Rodney Dale Reeves, filed his 28 U.S.C. § 2254 petition in which he alleged that he ·was in State custody in violation of the Constitution and laws of the United States in that he was given an unconstitutional sentence by the Circuit Court of Sebastian County, Arkansas, in Case No. CR–76–338, pursuant to a conviction by a jury which also fixed his sentence. The charges were theft by receiving a stolen automobile and being an habitual criminal.

The conviction in Sebastian County Circuit Court was appealed to the Arkansas Supreme Court, which affirmed the conviction and sentence under date of April 10, 1978, the opinion being reported in 263 Ark. 227, 564 S.W.2d 503.

On April 25, 1978, he filed a petition for rehearing before the Arkansas Supreme Court, which was denied on May 15, 1978.

A petition for writ of certiorari was filed in the United States Supreme Court and on November 13, 1978, the United States Supreme Court entered its order denying the petition.

Petitioner then sought post conviction relief under Rule 37, Arkansas Rules of Criminal Procedure, and on March 12, 1979, the Arkansas Supreme Court denied the application.

This Court finds that petitioner has exhausted State remedies as is required by 28 U.S.C. § 2254.

After petitioner filed his petition in this Court, he made application for bond and this Court made an order permitting him to remain free on his present bond pending disposition of his petition for habeas corpus. This order was entered November 17, 1978, and petitioner has never been actually incarcerated, but remains on bail of $20,000.00 awaiting final disposition in this case.

As grounds for his prayer for relief under § 2254 in this Court, petitioner alleges three grounds as follows:

First: The judgment of the trial court and the opinion of the Arkansas Supreme Court unconstitutionally denied petitioner the right of appointed counsel at his preliminary hearing in violation of Amend-

ments 6 and 14 of the United States Constitution. Petitioner's preliminary hearing was held in Fort Smith Municipal Court on November 16, 1976. Petitioner claimed he was indigent and could not employ counsel. The Municipal Court held he was not indigent and directed that he retain counsel. On November 16, 1978, petitioner again advised the Municipal Court that he had no funds to hire an attorney. The Municipal Court refused to appoint counsel for petitioner and he was not represented by counsel at his preliminary hearing and he was bound over to Circuit Court. The Circuit Court appointed counsel for petitioner and he filed a motion to reset a preliminary hearing. This motion was denied by the Circuit Court.

Second: Petitioner was denied due process of law and a fair trial because evidence of other criminal offenses was admitted in evidence at his trial. Petitioner filed a motion in limine to exclude evidence of other allegedly stolen vehicles found on petitioner's premises pursuant to an August 27, 1976, search warrant. The motion was denied and the trial court permitted the introduction of the evidence over petitioner's objection. The State claimed this evidence (color slides of 4 Volkswagons [sic] with V.I.N. numbers removed) showed petitioner's identify [sic], knowledge and intent. Petitioner objected on the grounds of relevance and prejudice. The introduction of evidence about other crimes permitted the jury to infer that petitioner was a "bad character" and deprived him of due process and a fair trial. This evidence was presented in the State's case in chief.

Third: Petitioner's punishment was unconstitutionally enhanced when the trial court permitted in evidence docket sheets which reflected that petitioner received a suspended sentence for burglary which did not show he was represented by counsel.

Circuit Clerk Paul Brown was called as a witness by the State to prove that petitioner was a habitual criminal. He testified about the docket entries in crim-

inal file # 7414. It reflects that in 1960, petitioner received a suspended sentence for burglary. The docket sheets reflect that one of the defendants charged with petitioner had Martin Green for an attorney. The Court asked Mr. Green to talk to petitioner and another co-defendant. The petitioner entered a guilty plea. The docket entrys [sic] do not reflect that attorney Martin Green represented Petitioner. Petitioner objected to this testimony about the docket entries which was overruled.

On February 14, 1979, this Court made an order dismissing petitioner's application without a formal hearing, and on February 15, 1979, granted certificate of probable cause to appeal to the Court of Appeals for the Eighth Circuit.

On July 2, 1979, an order of the Court of Appeals was filed with this Court remanding said cause for consideration of the application on its merits (followed by mandate filed July 27, 1979).

On August 21, 1979, the respondents filed an answer and also filed the transcript of the record of the Supreme Court of Arkansas.

On September 13, 1979, the Court held an evidentiary hearing on the habeas petition at which petitioner presented witnesses Attorney Bill Wiggins, Attorney Ben Barry, Bill Sharp, and Petitioner, Rodney Dale Reeves. The respondents presented Attorney Don Langston, Attorney Charles Karr and Attorney Ron Fields.

It was stipulated that the transcript of the Arkansas Supreme Court proceedings be evidence in this case.

At the conclusion of all evidence, the Court heard the oral argument of attorneys both for petitioner and for respondents.

A briefing schedule was announced, which has been completed and the matter is ready for decision by the Court.

From all the evidence, the Court finds that Mr. Reeves was born in 1945. In 1960, when he was 15 years old, he, Riley Cunningham and Tommy Eatmon were charged

in the Circuit Court of Sebastian County in Case Number 7414 with burglary. The docket sheet entry for October 21, 1960, is as follows:

The three defts. appeared for arraignment. Only one, Eatmon, was represented by counsel, Martin L. Green. All three entered a plea of guilty as charged. The Court before accepting plea asked attorney Martin L. Green to confer with the other 2 defts. Upon reappearing the three defts. wished to enter a plea of guilty. Sentence later date.

Petitioner received a three-year suspended sentence. On March 10, 1961, Reeves' suspended sentence was set aside and he was resentenced to three years in the state penitentiary.

In 1968, petitioner and his brother were charged with Grand Larceny in Sebastian County Circuit Court in Cases Number 1203 and 1204. On October 31, both pleaded guilty and were placed on probation for five years.

In 1969, Rodney Dale Reeves was charged in the United States District Court for the Northern District of Oklahoma in Cases Number 69–CR–54 and 69–CR–55 with transportation of a stolen automobile and pick-up truck. He was represented by W. I. Hanson and pleaded guilty to each charge. He received a three-year sentence in Case No. 69–CR–54, and probation to commence at the expiration of his incarceration in Case No. 69–CR–55.

In 1974, petitioner and his brother were again charged with the commission of a felony in the Sebastian County Circuit Court. Petitioner was charged with possession of stolen property and with being an habitual criminal in Case Number CR–74–47. He was represented by Honorable Bill Wiggins, and after trial to a jury, was found guilty on both charges. The Arkansas Supreme Court reversed both convictions and remanded for a new trial. *Reeves v. State*, 258 Ark. 788, 528 S.W.2d 924 (1975).

In 1976, Reeves was charged in Sebastian County Circuit Court with receiving a stolen 1967 GTO Pontiac automobile (CR–76–337) and theft by receiving a 1973 Volkswagen (CR–76–338). Petitioner appeared for arraignment on both charges in Municipal Court on October 15 or 16, 1976. He stated he did not have funds to hire an attorney and the public defender, Honorable Don Langston, was appointed to represent him. An indigency hearing occurred with respect to CR–74–47, the conviction which had been reversed and remanded by the Arkansas Supreme Court. The municipal court found Reeves was not an indigent and allowed the public defender to withdraw as counsel for Reeves in all three criminal cases then pending, CR–74–47, CR–76–337 and CR–76–338.

On November 16, 1976, petitioner appeared without counsel for preliminary hearing in municipal court on Cases Numbered CR–76–337 and CR–76–338, stating he could not afford to employ one. The Court proceeded with Reeves representing himself. The State presented witnesses and bound Reeves over to Circuit Court.

On November 18, 1976, he appeared before the Circuit Court. The charges were read to him and he entered a not guilty plea.

On March 24, 1977, the Circuit Court found petitioner to be an indigent and appointed the public defender to represent him. The public defender advised the Court of a conflict of interest and the Honorable Matthew Horan was appointed.

On April 22, 1977, the Circuit Court denied petitioner's request for another preliminary hearing, one in which Reeves would be represented by counsel.

On April 26 and 27, 1977, petitioner stood trial in Case Number CR–76–338. He was ably assisted by Honorable Matthew Horan. The trial court overruled Reeves' objections and admitted into evidence testimony relating to and photographs of other stolen automobiles found at Reeves' home which had had their vehicle identification numbers removed.

The jury returned a verdict finding Reeves guilty of Theft by Receiving (Act 280, Ark. Acts of 1975, § 2206).

After the jury returned the guilty verdict, the State introduced into evidence certified copies of the two 1969 judgments of the United States District Court for the Northern District of Oklahoma.

The State called Paul Brown, the Sebastian County Circuit Clerk, who testified. Mr. Brown brought three files from his office. He testified that Reeves had been convicted in 1960 in Case Number 7414 of burglary and that he had "conferred with" Honorable Martin Green during those proceedings. He testified that in Cases Numbered 1203 and 1204, Reeves had pleaded guilty to grand larceny and that the probation form reflected he was represented by Honorable Bill Wiggins.

Reeves objected to the admission of the testimony on the grounds that Mr. Brown had no personal knowledge of the events, but had to rely solely on the docket sheet; that the docket sheet and probation form were improper methods of proving prior convictions; and that the testimony, docket sheets, etc., failed to adequately show Reeves had been represented by counsel when convicted. The trial court overruled defendant's objections. Neither the docket sheets, the probation forms, nor any other documents relating to the convictions in Cases Numbered 7414, 1203 or 1204 were admitted into evidence.

The jury was instructed that if they found Reeves had not been convicted of two or more felonies, the maximum punishment the jury could assess was five years and $10,000.00. If the jury found Reeves had been convicted of two or more felonies, the maximum was ten years and $10,000.00. The jury found Reeves' sentence should be ten years and $10,000.00.

In October, 1977, the State dismissed Case Number CR–76–337.

The Arkansas Supreme Court affirmed the conviction in Case Number CR–76–338, holding that in the absence of any factual allegations demonstrating that Reeves had been prejudiced, the absence of counsel at the November, 1976, preliminary hearing was not reversible error. The Court also held that the Sebastian County Circuit Clerk's testimony concerning the prior convictions in Cases Number 7414, 1203 and 1204 was properly admitted under the habitual criminal statute, especially since defendant did not challenge the accuracy of the Clerk's testimony. The Court also held that the evidence relating to the other vehicles was properly admitted to show that Reeves knew the Volkswagen, which was the subject of the criminal case, had been stolen.

In *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the United States Supreme Court held that Alabama's preliminary hearing procedure was a critical stage of the prosecution at which the accused had a constitutional right to assistance of counsel. Having found that the defendants had been denied their right to counsel, the Court remanded for a determination of "whether or not petitioners were . . . prejudiced by the absence of counsel at the preliminary hearing. . . The test to be applied is whether the denial of counsel at the preliminary hearing was harmless error under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)." Ibid. at 11, 90 S.Ct. at 2004.

In *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Court held that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended detention, but the probable cause hearing may be an informal one not requiring the assistance of counsel. The Court distinguished between critical and non-critical stages of the prosecution with respect to the right to counsel and at pp. 122–123, 95 S.Ct. at pp. 867–868 stated:

> Because of its limited function and its nonadversary character, the probable cause determination is not a "critical stage" in the prosecution that would require appointed counsel. The Court has identified as "critical stages" those pretrial procedures that would impair defense on the merits if the accused is required to proceed without counsel. *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); *United States v. Wade*, 388 U.S. 218, 226–227, 87

S.Ct. 1926, 1931–1932, 18 L.Ed.2d 1149 (1967). In *Coleman v. Alabama,* where the Court held that a preliminary hearing was a critical stage of an Alabama prosecution, the majority and concurring opinions identified two critical factors that distinguish the Alabama preliminary hearing from the probable cause determination required by the Fourth Amendment. First, under Alabama law the function of the preliminary hearing was to determine whether the evidence justified charging the suspect with an offense. A finding of no probable cause could mean that he would not be tried at all. The Fourth Amendment probable cause determination is addressed only to pretrial custody. To be sure, pretrial custody may affect to some extent the defendant's ability to assist in preparation of his defense, but this does not present the high probability of substantial harm identified as controlling in *Wade* and *Coleman.* Second, Alabama allowed the suspect to confront and cross-examine prosecution witnesses at the preliminary hearing. The Court noted that the suspect's defense on the merits could be compromised if he had no legal assistance for exploring or preserving the witnesses' testimony. This consideration does not apply when the prosecution is not required to produce witnesses for cross-examination.

Although we conclude that the Constitution does not require an adversary determination of probable cause, we recognize that state systems of criminal procedure vary widely. There is no single preferred pretrial procedure, and the nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole.

Arkansas provides for an informal probable cause hearing at the defendant's first appearance. Ark.R.Crim.P. rule 8.2. Arkansas also provides for a subsequent preliminary hearing which is a formal adversary proceeding analogous to the Alabama procedure held "critical" in *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). Ark.Stat.Ann. §§ 43–601 through 631.

In the case at bar, Reeves contends that he was denied assistance of counsel at the November 16, 1976, preliminary hearing. We agree that the November 16 hearing was a critical stage for which he was entitled to counsel. However, we cannot grant his petition on this ground for two reasons.

First, as taught in *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the absence of counsel at a preliminary hearing will not void a conviction if the denial of counsel was harmless error beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). From the record as a whole, we find that the absence of counsel at Reeves' November 16, 1976, preliminary hearing, if error, was harmless beyond a reasonable doubt. Petitioner has not suggested that the absence of counsel in any way affected the outcome of his state trial or that he was otherwise prejudiced. Instead, petitioner has argued that because the preliminary hearing was a critical stage to which the right to counsel attached, he is entitled to the writ regardless of prejudice. Petitioner fails to recognize the harmless error principle enunciated in *Coleman.* We hold that the respondent has demonstrated that the absence of counsel, if error, was harmless beyond a reasonable doubt.

Secondly, we hold that there was no denial of a constitutional right to assistance of counsel. Reeves was represented by counsel at his initial appearance and at the hearing to determine indigency. The affidavit and testimony of Honorable Ron Fields and the stipulation and testimony of Honorable Don Langston were introduced during the evidentiary hearing held on Reeves' habeas petition. They reveal that when Reeves was determined to be capable of employing his own attorney (November, 1976), he owned seven automobiles, had received $13,679.00 in salary during the year 1976, and had over $1,200.00 in cash on his person. The determination that Reeves

was not entitled to court-appointed counsel in November, 1976, is clearly correct.

Reeves points out that in March, 1977, he was deemed an indigent. This fact does not invalidate the finding that in November, 1976, when the preliminary hearing occurred, Reeves was far from being an indigent. We, therefore, hold that there was no error for the State to proceed against Reeves at the November 16, 1976, preliminary hearing since the absence of counsel was caused by Reeves' recalcitrance, not indigency.

■ In a § 2254 petition, the Court will not review questions concerning the admissibility of evidence during the state court trial unless the evidentiary errors "infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process . . . ." *Atwell v. State of Arkansas*, 426 F.2d 912, 915 (8th Cir. 1970).

■ In the case at bar, petitioner does not contend that the photographs of the other vehicles found at his residence were in violation of the Fourth Amendment. Instead, he contends that they were so prejudicial as to amount to a denial of due process. We disagree.

The evidence against Reeves was overwhelming. An informer contacted Reeves and together they drove from Fort Smith to Fayetteville, stole the 1973 Volkswagen and returned it to Reeves' home in Fort Smith where Reeves removed the vehicle identification number and began to disguise the automobile. The informer contacted the police who arrived before Reeves could accomplish a complete transformation of the automobile. As stated by the very able counsel who represented Reeves at his trial and appeal to the Arkansas Supreme Court:

The testimony adduced by the State was uncontradicted, although small inconsistencies were developed by the defense. The evidence showed that on August 27, 1976, [Reeves] and an informant for the Sebastian County Sheriff's Office drove from Fort Smith to Fayetteville, stole a 1973 Volkswagen 'Super Beetle' worth around $2,000, returned to Fort Smith and altered the identification numbers on the car.

Statement, Abstract and Brief for Appellant, Supreme Court of Arkansas No. CR–77–200, pp. 1–2.

We hold that the admission of the photographs of other vehicles into evidence was proper to show knowledge on the part of Reeves and to show intent (lack of entrapment). Even if it were error to admit the photographs, it certainly did not destroy the fairness of Reeves' trial.

The third issue which Reeves raises in his habeas petition concerns the use of his previous convictions to support conviction under the habitual criminal statute then in effect. The habitual criminal statute provided:

(1) A defendant who is convicted of a felony and who has previously been convicted of two or more felonies may be sentenced to an extended term of imprisonment as follows:

(a) Not less than ten (10) years nor more than fifty (50) years, or life, for a class A felony;

(b) not less than five (5) years nor more than thirty (30) years for a class B felony;

(c) not less than two (2) years nor more than ten (10) years for a class C felony;

(d) not exceeding five (5) years for a class D felony.

(2) For the purpose of determining whether a defendant has previously been convicted of two or more felonies, a conviction for burglary and for the felony that was the object of the burglary shall be considered a single felony conviction. Conviction of an offense that was a felony under the law in effect prior to the effective date of this Code shall be considered a previous felony conviction.

SECTION 1002. PREVIOUS CONVICTION IN ANOTHER JURISDICTION.

For purposes of section 1001, a conviction of an offense in another jurisdiction shall constitute a previous conviction of a

felony if a sentence of death or of imprisonment for a term in excess of one [1] year was authorized under the laws of the other jurisdiction.

## SECTION 1003. PROOF OF PREVIOUS CONVICTION.

A previous conviction of a felony may be proved by any evidence that satisfies the trier of fact beyond a reasonable doubt that the defendant was convicted. The following are sufficient to support a finding of a prior conviction:

(1) a duly certified copy of the record of a previous conviction by a court of record; or

(2) a certificate of the warden or other chief officer of a penal institution of this state or of another jurisdiction, containing the name and fingerprints of the defendant, as they appear in the records of his office; or

(3) a certificate of the chief custodian of the records of the United States Department of Justice, containing the name and fingerprints of the defendant as they appear in the records of his office.

Act 280, Ark. Acts of 1975, §§ 1001, 1002 and 1003.

Petitioner urges that his Sixth Amendment right to counsel, made applicable to the states through the Fourteenth Amendment, was violated when evidence was introduced concerning the 1960 conviction when it was not shown that Reeves had been represented by counsel at the 1960 proceedings.

■ Unless the records of prior convictions show that the defendant had been represented by counsel, there is a presumption that the defendant had been denied assistance of counsel and the convictions cannot be used to enhance punishment under recidivist statutes. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

During Mr. Reeves' trial, the State did not introduce into evidence any records concerning the 1960 conviction. Instead, the

Circuit Clerk testified from the records. He was not asked if the record showed Reeves was represented by counsel; he was asked:

Q. Did it show that he [Rodney Dale Reeves] conferred with Attorney Martin Green?

A. Yes.

The docket sheet for Case Number 7414 was admitted into evidence during the evidentiary hearing on the habeas petition. We have quoted the applicable parts earlier in this opinion. They demonstrate that the Court would not accept Mr. Reeves' guilty plea until he had conferred with Honorable Martin Green; that Martin Green did confer with Reeves, and that after the conference, the Court accepted the pleas.

■ Although the word "appointment" is not used in the docket entry, it is clear that the Court, in asking Martin Green to confer with Reeves and Riley Cunningham, was appointing Martin Green as their counsel. Unlike the situation presented in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), and *Klimas v. Mabry,* 599 F.2d 842 (8th Cir. 1979), the record is not silent concerning legal representation. The testimony of Circuit Clerk Brown and the docket sheet introduced in this petition are not the silence from which the presumption of lack of counsel arises.

Petitioner also relies on the case of *Cox v. Hutto,* 589 F.2d 394 (8th Cir. 1979). In *Cox* the Court held that a stipulation by defendant's counsel concerning four prior convictions was, in effect, a guilty plea to Arkansas' habitual criminal statute and, therefore, invalid unless attended with safeguards. The Court also held that certain docket entries were inadequate to show representation by counsel because:

The docket entries for Cox's 1962 and 1970 convictions note appearances by various counsel but fail to unambiguously indicate whether those attorneys represented Cox or one or more of his codefendants in those cases.

*Cox v. Hutto,* 589 F.2d 394, 397 n. 4 (8th Cir. 1979).

In the case at bar, the testimony of Brown, which is supported by the docket sheet, shows that the plea of guilty was accepted by the Court only after Reeves had conferred with the Honorable Martin Green. Since the intent of the Court to appoint Martin Green is clear, the failure to use the word "appoint" will not destroy the validity of the guilty plea. The docket entries in this case are not ambiguous as were those in *Cox v. Hutto*, ibid.

Since we find that the 1960 conviction was valid because it was obtained after Reeves' right to counsel had been protected, we find that his Sixth Amendment rights were not violated when evidence concerning the 1960 conviction was introduced during Reeves' 1977 trial.

28 U.S.C. § 2254(a) is as follows:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*

■ This subdivision prescribes the limits of our inquiry. We are concerned with determining whether petitioner is in State custody in violation of the Constitution or laws or treaties of the United States. We are aided by the fact that a written opinion in this case has been rendered by the Arkansas Supreme Court, 263 Ark. 227, 564 S.W.2d 503 (1978). The fact that petitioner applied to the United States Supreme Court and certiorari was denied does not affect our decision. See *Klimas v. Mabry*, 599 F.2d 842 (8th Cir. 1979).

28 U.S.C. § 2254(d) provides, in part, as follows:

(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent

thereof were parties, evidenced by a written finding, *written opinion,* or other reliable and adequate written indicia, *shall be presumed to be correct,* unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—[Emphasis added]

and then follows a recitation of the eight "unlesses" which we now take up seriatim:

1. The merits of the factual dispute were not resolved in the State court hearing.

We specifically find that the factual dispute was resolved by the State court in the State court hearings where petitioner was represented by competent counsel.

2. The fact finding procedure employed by the State court was not adequate to afford a full and fair hearing.

We find that the fact finding procedure was adequate and that the petitioner was afforded a full and fair hearing at a time when petitioner was represented by competent counsel.

3. The material facts were not adequately developed at the State court hearing.

We specifically find that the material facts *were* adequately developed.

4. The State court lacked jurisdiction of the subject matter or over the person of the applicant.

The petitioner and his counsel do not urge this—and we find that the Arkansas courts had jurisdiction both of the person and the subject matter.

5. The State court failed to appoint counsel.

The proof shows that after having appointed counsel for the accused, the Municipal Court held a hearing and personally asked Mr. Reeves about his financial condition. Mr. Reeves had $1,200.00 in his pocket and readily admitted that he did, but said that it was borrowed money for the purpose of obtaining bail in the case for which he was bound over for trial. At the hearing concerning his indigency, Mr. Reeves was represented by the public defender, Mr.

538

Don Langston, who had been previously appointed to defend him and who provided legal services to Mr. Reeves up to and through the indigency hearing.

■ The factual findings made in State court regarding the status of the accused after a full, fair hearing carries great weight in this Court. *Suggs v. LaVallee*, 570 F.2d 1092 (2nd Cir. 1978).

The occurrences at the preliminary hearing were discussed in detail at this Court at the hearing on the merits and this Court now finds that nothing prejudicial occurred at the preliminary hearing and it was plainly demonstrated and the Court now finds that the petitioner in no way incriminated himself at such preliminary hearing. Petitioner testified that he did not admit guilt, but at all times claimed his innocence and nothing that occurred at the preliminary hearing was used against him later at his trial.

The petitioner later was found to be deserving of appointed counsel and his trial counsel, Honorable Matthew Horan, was appointed on April 7, 1977. At his criminal trial, the following motions were filed on behalf of the petitioner: Motions for additional counsel; for reduction of bond; to reset the preliminary hearing; to suppress certain evidence; for discovery; for exculpatory information and other particulars; to quash the jury panel; and two motions in limine.

At trial, the petitioner was ably represented by appointed counsel and did not take the stand in his own behalf. There is no allegation here that he was represented by ineffective counsel at his trial on the merits.

In light of these circumstances, this Court finds that the finding of petitioner's guilt, as charged, rested on an adequate and sound foundation of state substantive law. *Jackson v. Virginia*, —— U.S. ——, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

6. The applicant did not receive a full, fair and adequate hearing in the State court proceeding.

We find to the contrary. This Court has examined the entire State transcript which the State Attorney General has furnished, which was and is available for inspection by and use of the petitioner and his counsel in preparation of briefs for petitioner.

The Court further considered the entire transcript in order to meet the possible contentions that might be made under the principles announced in *Jackson v. Virginia* (1979), decided by the United States Supreme Court under date of June 28, 1979.

7. That the applicant was otherwise denied due process of law in the State court proceeding.

We find that both substantive and procedural due process were afforded applicant in the State court proceedings.

The petitioner alleges that the introduction of certain photographic slides into evidence denied him due process and a fair trial.

■ The petitioner was charged with the crime of theft by receiving, in violation of Ark.Stat.Ann. § 41–2206 (Repl.1977). This is similar, if not identical, to the criminal offense of possession of stolen property and an element thereof is knowledge that the property in the defendant's possession is stolen.

Prosecuting Attorney Charles Karr testified that the slides were introduced to show other vehicles that had the V.I.N. numbers bored out and covered up. The purpose of this evidence was to link the petitioner to the premises where these stolen vehicles were found and to prove the petitioner's knowledge that the subject of the offense here, a 1973 Volkswagen, had been altered in a similar way to indicate the petitioner's knowledge that the vehicle he possessed was stolen. In other words, why else would the V.I.N. numbers be bored out?

Pursuant to Rule 404(b), Ark.Stat.Ann. § 28–1001 (Supp.1977), evidence of other crimes, wrongs or acts is admissible to prove knowledge and identity, clearly the reasons applicable here. The petitioner does not claim otherwise and the transcript shows conclusively that due process was afforded to petitioner.

8. That part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court, on a consideration of such part of the record as a whole, concludes that such factual determination is not fairly supported by the record.

We find that copy of transcript has been furnished by the State and that it shows a true, accurate and complete record of the proceedings in the Arkansas State Courts. We further find the evidence against petitioner to be overwhelming.

The Court finds that petitioner has failed to meet his burden of proof under 28 U.S.C. § 2254, and that his petition for habeas corpus must be dismissed.

Any and all orders of this Court as to bail should be cancelled and set aside and the petitioner will, as a result, be in State custody for the carrying out of the State sentence.