Rodney Dale REEVES, Appellant,

v.

Jim MABRY, Commissioner of Corrections, and the Attorney General of the State of Arkansas, Appellees.

No. 79–1968.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1980.

Decided Feb. 22, 1980.

Robert S. Blatt, Fort Smith, Ark., for appellant.

Steve Clark, Atty. Gen., and Alice Ann Burns, Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before GIBSON, Senior Circuit Judge, ROSS and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

This is an appeal from a final order of the United States District Court for the Western District of Arkansas (The Honorable Paul X Williams, Chief Judge), dismissing a petition for a writ of habeas corpus tendered by petitioner, Rodney Dale Reeves. Petitioner collaterally attacks his 1977 conviction in the Circuit Court of Sebastian County, Arkansas (Fort Smith) of "theft by receiving" a stolen 1973 model Volkswagen automobile and of being an habitual criminal. The jury that tried the case sentenced petitioner to imprisonment in the Arkansas Department of Correction for a period of ten years and to pay a fine of $10,000.00. Petitioner's state remedies concededly have been exhausted. The district court had jurisdiction under 28 U.S.C. §§ 2241 and 2254.

The substantive offense with which petitioner was charged was committed in Au-

gust, 1976; he was tried, convicted and sentenced in April, 1977. Following his conviction petitioner seems to have been able to remain at large on bail pending appeal and other post conviction proceedings, including the prosecution of this habeas corpus case.

The law that was applicable to petitioner's prosecution was incorporated in the Arkansas Criminal Code of 1975 that became effective on January 1, 1976. Ark.Act 280 of 1975. That Code was substantially amended by Act 474 of 1977, General Acts of Arkansas, 1977, Vol. II, Book 2, that was approved without the "emergency clause" on March 17, 1977. The amended code appears as Title 41, Ark.Stat.Ann. (1977 Repl.). The 1977 amendments to the Code have no effect on this case, and in the preparation of this opinion use has been made of the 1975 Code as it appears in the General Acts of Arkansas, 1975, Vol. II, Book 1.[1]

The information filed against petitioner in the circuit court charged in substance: I. That on August 27, 1976 the petitioner had committed the offense of "theft by receiving" in that he had received and retained stolen property of Dr. W. Ely Brooks, a 1973 Volkswagen, value in excess of $100.00, having good reason to believe that it was stolen. That offense was described as a Class "C" felony. II. That at the time of the commission of the substantive offense just prescribed petitioner was an habitual criminal in that he had previously been convicted of two or more felonies.

Under § 2206 of Act 280 of 1975 a person committed the offense of "theft by receiving" if he received, retained, or disposed of the stolen property of another person knowing that the property was stolen or having good reason to believe that it was stolen. § 2206(1). That offense was a Class "C" felony if the property was worth more than

$100.00 but less than $10,000.00 or was a credit card. § 2206(5)(a).

Under § 901(1)(c) of the statute a person convicted of a Class "C" felony was subject to imprisonment in the Department of Correction for not less than one nor more than five years. And, in addition, he might also be fined in any sum not exceeding $10,-000.00. § 1101(1)(b).

The Arkansas habitual criminal statute in force at the relevant time appeared as §§ 1001–1005 of Act 280 of 1975. The statute provided that if a person convicted of a felony had been the subject of two or more previous felony convictions in Arkansas or in some other jurisdiction he could be sentenced to an extended term of imprisonment. The extended term provided for a Class "C" felony was imprisonment for not less than two nor more than ten years.

At the trial of the case in the circuit court petitioner was represented by capable counsel who had been appointed to represent him gratis. In the course of the trial the jury first heard evidence bearing on the guilt or innocence of the petitioner on the substantive charge against him, and it found him guilty. The jury then heard evidence to the effect that petitioner had suffered four previous felony convictions, including two in the United States District Court for the Northern District of Oklahoma. On the basis of that evidence the jury assessed punishment at imprisonment for ten years and a fine of $10,000.00; that was the maximum punishment that could have been imposed under the existing statute. The procedure followed was that prescribed by § 1005 of Act 280 of 1975.

As we read it, the record established that petitioner had been convicted on his plea of guilty to a charge of burglary in 1960 when he was fifteen years old; that he had been convicted of grand larceny in 1968; and that in 1969 he had been convicted in the federal court in Oklahoma on two charges

---

1. The amended code appears as Ark.Stat.Ann. § 41–101 et seq. Generally the section numbers appearing in Title 41 of Ark.Stat.Ann. correspond to the section numbers appearing in

Act 280 of 1975 to which we have referred. The 1977 amendments are explained in notes following the text of the various sections of Title 41.

of having violated the National Motor Vehicle Theft Act, 18 U.S.C. § 2312.

Petitioner appealed his conviction to the Supreme Court of Arkansas where it was affirmed. *Reeves v. State,* 263 Ark. 227, 564 S.W.2d 503, *cert. denied,* 439 U.S. 964, 99 S.Ct. 450, 58 L.Ed.2d 422 (1978). Later, the Arkansas Supreme Court refused to grant petitioner leave to seek post conviction relief in the sentencing court as provided by Rule 37, Ark.Rules of Criminal Procedure (1976). Petitioner then commenced the instant proceeding in the federal court.

In the district court petitioner attacked his circuit court conviction on three grounds. He first contended that when he was brought originally before the municipal court of Fort Smith for a preliminary hearing he was an indigent, and that the municipal judge deprived petitioner of his sixth amendment right to counsel when the judge refused to appoint counsel to represent petitioner without charge. He next contended that in the course of his trial in the circuit court he was denied due process of law when the trial judge admitted into evidence, over objection, evidence to the effect that petitioner had been involved in the theft of a number of motor vehicles other than the one involved in this particular case. And, finally, petitioner contended that the jury should not have been permitted to consider in connection with the habitual criminal charge evidence of the 1960 burglary conviction since the record did not show that when petitioner pleaded guilty to that charge he was represented by counsel or that he had waived his right to counsel.

In a full opinion, 480 F.Supp. 529, Judge Williams considered each of petitioner's contentions in detail and found all of them to be without merit. We agree, and we consider that only the last of petitioner's three contentions calls for discussion here.[2]

We commence with the proposition that a jury assessing punishment under a state habitual criminal statute may not constitutionally enhance punishment by reference to a previous conviction that had been obtained in violation of a constitutional right of the defendant, such as the right to counsel protected by the sixth and fourteenth amendments to the Constitution of the United States. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). And it must be recognized also that a waiver of a valuable constitutional right, such as right to counsel, will not be presumed from a silent record. *Boykin v. Alabama,* 395 U.S. 238, 242–43, 89 S.Ct. 1709, 1711–1712, 23 L.Ed.2d 274 (1969).

The force of those decisions has been recognized more than once by the Supreme Court of Arkansas. *Klimas v. State,* 259 Ark. 301, 534 S.W.2d 202 (1976); *McConahay v. State,* 257 Ark. 328, 516 S.W.2d 887 (1974); *Wilburn v. State,* 253 Ark. 608, 487 S.W.2d 600 (1972). That force has also been recognized by this court in two recent opinions. *Klimas v. Mabry,* 599 F.2d 842 (8th Cir. 1979);[3] *Cox v. Hutto,* 589 F.2d 394 (8th Cir. 1979).

Where a state court record reflects that a jury in imposing an enhanced term of imprisonment on a person convicted of being an habitual criminal considered or may have considered a constitutionally invalid prior conviction, the habitual criminal sentence that was imposed must generally be set aside and the case sent back to the

2. The district court found that petitioner had not been prejudiced by the refusal of the municipal court to appoint a lawyer for him in 1976 and also took note of the unreversed finding of the municipal judge that in 1976 petitioner was not in fact indigent. As to the evidence of other crimes, the district court found that the evidence in question was admissible to show knowledge and intent, and also that in view of the overwhelming weight of the evidence against petitioner admission of the particular items of evidence in question did not prejudice him. As indicated, we accept the district court's evaluation and rejection of those contentions.

3. In that case rehearing and rehearing en banc were denied. Chief Judge Gibson, Judge Ross and Judge Henley dissented from the denial for the reason that they did not agree with the procedure on remand that the panel opinion had directed. *See Klimas v. Mabry,* 603 F.2d 158 (8th Cir. 1979).

sentencing court for appropriate proceedings.[4]

In the course of the habitual criminal hearing in the instant case the incumbent clerk of the circuit court was permitted to testify from records of the circuit court that in 1960 petitioner and two other individuals were charged with the crime of burglary. One of those defendants retained counsel to represent him; the other defendants, including petitioner, appeared before the circuit court for arraignment and plea along with their codefendant but without counsel. The record in that case reflects that the circuit judge requested the late Mr. Martin Green, the attorney who had been retained by one of the defendants, to confer with the other two, that he did so, and that thereafter all three defendants pleaded guilty. Petitioner was placed on probation, but his probation was revoked during the following year.

■ In passing on this phase of the case the district court noted that the record of the circuit court made in 1960 did not recite that the circuit judge had "appointed" Mr. Green to represent petitioner and his fellow, but that the judge had requested or directed Mr. Green to talk to them, and that Mr. Green had done so. The district court felt that the record was sufficient to show an appointment, and that the petitioner's plea of guilty had been legitimately entered and accepted.

We accept that view. However, we think that some comment is necessary.

The record made in the circuit court in 1960 might not suffice today to show an effective appointment of counsel to represent a young and perhaps indigent defendant. However, it must be kept in mind that petitioner's plea of guilty in 1960 was entered a number of years before *Boykin v. Alabama, supra,* and we do not give that case retroactive application. *Crowe v. South Dakota,* 484 F.2d 1359, 1362 (8th Cir. 1973), *cert. denied,* 415 U.S. 927, 94 S.Ct. 1435, 39 L.Ed.2d 485 (1974); *Meller v. Mis-*

souri, 431 F.2d 120, 124 (8th Cir. 1970), *cert. denied,* 400 U.S. 996, 91 S.Ct. 469, 27 L.Ed.2d 445 (1971).

At the hearing in the district court a number of witnesses testified; those witnesses included attorneys who had been in cases involving prosecutions of petitioner after 1960. Petitioner testified in his own behalf.

Petitioner testified in effect that Green did not give him any effective representation, assuming that Green had been appointed to represent him. That testimony was given some nineteen years after the 1960 proceedings and some two years after the 1977 trial in the circuit court. The district judge was not required to accept that testimony and evidently did not do so.

Apart from petitioner's obvious lack of credibility as a witness while testifying in his own behalf in a last ditch effort to avoid serving a substantial sentence in the Arkansas Department of Correction, there are two comments to be made about his testimony.

First, in the course of the 1977 trial the circuit judge called petitioner and his attorney into chambers and carefully advised petitioner with respect to his right either to testify in his own behalf or to refrain from testifying. Petitioner chose not to testify at either the phase of the trial that dealt with his guilt or innocence or at the later phase that dealt with his status as an habitual criminal and the punishment that might be imposed upon him should he be found to be such a criminal. At the latter stage of the trial petitioner could certainly have urged lack of counsel or effective assistance of counsel in the course of the 1960 proceedings. He did not do so.

Second, in his direct appeal from his 1977 conviction petitioner attacked his habitual criminal sentence on certain grounds set out in the opinion of the Arkansas Supreme Court, but those grounds did not include any charge that in 1960 petitioner was not represented or was not effectively repre-

---

4. What proceedings are appropriate in a particular case may be the subject of dispute. *See*

*Klimas v. Mabry,* supra, including the dissenting opinion.

sented by counsel. *See Reeves v. State, supra,* 564 S.W.2d at 504–05.

In our opinion the present claim of invalidity of the 1960 conviction is simply an afterthought on the part of petitioner or his present counsel.

The judgment of the district court is affirmed.