Desoto WILLIAMS *v.* STATE of Arkansas

CR 94-470 887 S.W. 2d 530

Supreme Court of Arkansas
Opinion delivered December 5, 1994

*Jan Thornton*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

Tom Glaze, Justice. Desoto Williams was charged with four felonies alleged to have occurred in 1993. On January 10, 1994, Williams was convicted by jury on all four counts. On appeal, Williams's sole argument is that, in sentencing him, the trial court

erroneously employed Arkansas's new bifurcated sentencing laws, Ark. Code Ann. §§ 5-4-103 (Repl. 1993) and 16-97-103 (Supp. 1993).[1] Both of these statutes became effective January 1, 1994. Williams argues that, instead of using these new amendatory statutes, the trial court should have applied the sentencing laws that were in effect in 1993 — when he committed the crimes. He urges that, because one of the new statutes, § 16-97-103, permits the state to introduce evidence not previously admissible under the 1993 sentencing laws, he was disadvantaged by § 16-97-103's application, which subjected him to a harsher sentence. In sum, Williams contends the trial court's retroactive employment of §§ 5-4-103 and 16-97-103 subjected him to substantive prejudice in violation of the *Ex Post Facto* Clause of the United States Constitution. We must disagree.

Citing *Easley* v. *State*, 274 Ark. 215, 623 S.W.2d 189 (1981), Williams argues that sentencing provisions are substantive rather than procedural and that sentencing provisions in effect at the time an offense occurs governs sentencing. However, in *Ruiz* v. *State*, 299 Ark. 144, 772 S.W.2d 297 (1989), this court explained that *Easley*, and cases like it, dealt with an attempt to apply a harsher sentence than was provided by law at the time an offense was committed, rather than with mere changes in sentencing procedures. Stated another way, this court in *Ruiz* held that the retroactive application of amendments to laws setting forth the procedure governing sentencing in criminal cases does not violate the *Ex Post Facto* Clause. *Id.*; *Pickens* v. *State*, 292 Ark. 362, 369, 730 S.W.2d 230, 236, *cert. denied*, 484 U.S. 917 (1987).

Relying on *Dobbert* v. *Florida*, 432 U.S. 282 (1917), the *Pickens* court stated that the Supreme Court held that a procedural change in a state's death-sentencing law is not an *ex post facto* violation. The Supreme Court in *Dobbert* concluded that the newly-enacted law there, simply altered the methods employed in determining whether the death penalty was to be imposed, and no change occurred regarding the quantum of punishment attached to the crime.

---

[1] In relevant part, these amendatory provisions read respectively as follows:
    (a) If a defendant is charged with a felony and is found guilty of an offense by a jury, the jury shall fix punishment in a separate proceeding . . .

In the present case, Arkansas's new bifurcated sentencing laws do not violate the *Ex Post Facto* Clause because they do not criminalize conduct that was previously non-criminal, do not increase the severity or harshness of the punishment for the offenses that Williams committed and do not deprive him of a defense that was available to him at the time he committed the offenses with which he was charged. *See Beazell* v. *Ohio*, 269 U.S. 167 (1985). Statutory changes in the mode of trial or the rules of evidence, which do not deprive the accused of a defense and which operate only in a limited and unsubstantial manner to his disadvantage, are not prohibited. *Id.; see also Cogburn* v. *State*, 292 Ark. 564, 732 S.W.2d 807 (1987). Nor is a statute prohibited which changes the rules of evidence after an indictment so as to render admissible against the accused evidence previously held inadmissible. *Id.*

Because the penalty or sentence authorized under the prior and new sentencing statutes remains the same as applied in Williams's situation, we conclude any change was merely procedural and not substantively prejudicial or an *ex post facto* violation. The trial court is affirmed.