Keith L. JOHNSON *v.* STATE of Arkansas

94-526                                    888 S.W.2d 661

Supreme Court of Arkansas
Opinion delivered December 12, 1994

*William R. Simpson, Jr.*, Public Defender, by: *Timothy A. Boozer*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was adjudged a juvenile delinquent for committing the crimes of rape and robbery. He committed the offenses in 1992 and in the same year was committed by the Juvenile Division of Chancery Court to a Youth Services Center of the Division of Children and Family Services.

The Youth Services Center later reported to the committing court that appellant had made sufficient progress for a conditional release. The committing court ordered appellant released subject to a number of conditions. The order provided that the court had continuing jurisdiction under Act 974 of 1993, which added subsection (e) to section 9-28-210 of the Arkansas Code Annotated of 1987, and provides, "Upon release from the custody of the board, the youth shall remain under the jurisdiction of the committing court for an indeterminate period not to exceed two (2) years." Act 974 of 1993 was passed after the crimes were committed and after the adjudication of delinquency.

Following appellant's conditional release, reports were submitted to the court which stated that appellant violated some of the conditions of his release. The court entered an order directing appellant to show cause why he should not be held in contempt for failure to comply with the court's order. Appellant objected to the court's continuing jurisdiction under Act 974 of 1993 on *ex post facto* and double jeopardy grounds. The trial court reserved ruling on the question of continuing jurisdiction.

Separately, appellant's mother filed a Family in Need of Services petition in the same court. *See* Ark. Code Ann. § 9-27-332 (Repl. 1993). She alleged that appellant left home without permission, verbally abused her and other family members, and skipped school. The chancellor consolidated for trial the Family in Need of Services case with the show cause order which was pending in the original juvenile case. At the commencement of the hearing, appellant's counsel confessed the Family in Need of Services case. After asking a number of questions of appellant and his counsel, and listening to the responses, the trial court ruled: "The court will make a finding that the juvenile has willingly, voluntarily and intelligently entered his plea in the FINS matter, and that both he and his mother understand that the purpose of the proceeding is to provide services."

Appellant objected to proceeding on the show cause order that was pending in the juvenile case. The chancellor reserved ruling on the jurisdictional issue in the juvenile case, but heard testimony on the Family in Need of Services case. A case worker verified that appellant was suspended from school because of frequent absences and was gone from home entire weekends.

Appellant's mother testified that appellant was possibly affiliated with a gang. A clinical therapist testified that he had conducted a clinical risk assessment of appellant and determined that appellant was antisocial, was at a high risk for committing future sex offenses, and was a danger to the community. He recommended that appellant be committed to an inpatient sexual offender program. On January 13, 1994, the chancellor entered an order placing appellant in inpatient treatment. The order reflects that the court had jurisdiction to order commitment under the Family in Need of Service case and also had continuing jurisdiction under the original juvenile case.

On January 11, 1994, appellant filed a motion alleging that the chancellor had lost jurisdiction of the original juvenile case and was without jurisdiction to commit appellant to inpatient treatment. His grounds were the constitutional prohibitions against *ex post facto* laws and double jeopardy, the doctrine of separation of powers, and statutory construction arguments. After a hearing on continuing jurisdiction in the original juvenile case, the chancellor ruled that she had jurisdiction to hear the contempt matter under the continuing jurisdiction provisions of Act 974 of 1993 and also under section 9-27-331 of the Arkansas Code Annotated of 1987. The chancellor refused to dismiss the original juvenile case, but held that appellant was not in contempt of court.

Appellant appeals from the original juvenile case, and not the Family in Need of Services case, and argues that the commitment for inpatient treatment is invalid for the same reasons he advanced in the original juvenile case. We do not reach those arguments because they are moot. Appellant, with assistance of counsel, pleaded guilty to a Family in Need of Services petition that had been filed by his mother. Pursuant to section 9-27-332, if a family is found to be in need of services, the juvenile court may enter an order transferring custody of juvenile members of the family to a licensed agency responsible for the care of juveniles. Appellant, by counsel, stated that he had no objection to the hospital commitment for inpatient treatment under the Family in Need of Services case. Thus, appellant was validly committed to the hospital treatment pursuant to the Family in Need of Services case.

■ Since appellant was validly committed to the hospital in the Family in Need of Services case, even if this court were to hold that the juvenile division of the chancery court had lost jurisdiction of the original juvenile case, we would not order appellant released. The matter is moot. Appellant is in the program pursuant to a petition to which he pleaded guilty. It is therefore of no consequence whether the juvenile court also had jurisdiction to place him there pursuant to the delinquency action. There is nothing else pending in the original juvenile case. The appeal asks for an advisory opinion. We do not address issues that are moot, and we do not render advisory opinions. *Johnson* v. *State*, 314 Ark. 471, 475-76, 863 S.W.2d 305, 307 (1993).

In a separate matter, in our decisional conference we discussed whether to affirm this case for failure to comply with Article IV of the Rules of the Supreme Court and Court of Appeals. We do not do so because we determined that the abstract was not *flagrantly* deficient. However, we note that four pages of the abstract are single-spaced in violation of one of the rules, *see* Rule 4-1(a), and certain material testimony was omitted. *See* Ark. Sup. Ct. R. 4-2. However, the omitted material was supplied by the State in a supplemental abstract.

Affirmed.