Elvester Keith WALKER *v.* STATE of Arkansas

CR 95-1174                                          918 S.W.2d 172

Supreme Court of Arkansas
Opinion delivered April 1, 1996

*William R. Simpson, Jr.*, Public Defender, by: *Andy O. Shaw*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. The appellant, Elvester Keith Walker, was convicted of first-degree murder for the shooting death of Johnny B. Jones and was sentenced to 40 years' imprisonment. Walker argues that there was insufficient evidence to convict him of murder in the first degree. We affirm the conviction.

Johnny Jones, the victim in this case, and Anthony McDowell

lived together in a mobile home. Jones was a student and also worked at a fast-food restaurant. On the evening of the shooting, Jones arrived home from work to find a party in progress. The guests, including Walker, were drinking and dancing. Jones went to the kitchen and began ironing clothes to wear to school the next day.

While Jones was so engaged, Walker apparently got into an argument with another guest, pulled a gun, and fired shots into the ceiling and the couch of the residence. Jones then came out of the kitchen and told Walker to stop shooting up the furniture and take that shooting outside, or words to that effect. Jones then began dancing with a guest, Tammy Russey. At Walker's trial, Russey testified that they danced for about fifteen to twenty-five minutes and that while they were dancing, Walker approached Jones and stated "Punk, I know you ain't talking to me." Jones did not respond and simply ignored Walker. Walker then walked up, tapped Jones on the shoulder, and shot him in the right side of his head.

Charles McDowell, a friend of Jones, testified that he was standing right beside Jones when he was shot and saw Walker point the gun at Jones' head. Rena Watson testified that she saw Walker with a gun on the evening of the party but did not see Jones shot. A number of witnesses testified that there was a lot of drinking going on and that Walker had been drinking both before and after arriving at the party.

After the shooting, Walker left in a car with people who had brought him to the party. A witness testified that Walker was crying in the car and stated that the shooting was an accident and that someone had pushed his hand. Eric Gore, a friend of Walker's, testified that he believed the incident was an accident and that Walker did not mean to shoot Jones. Another witness testified that Walker was ten to twenty feet away from Jones when he shot him.

At trial, the medical examiner testified that Jones was killed by a single gunshot wound to the right side of his face, and that powder marks surrounding the wound indicated that he was shot at close range.

Walker's sole contention on appeal is the trial court erred in finding sufficient evidence to convict him on the charge of murder in the first degree. He asserts that the state did not prove that he shot Jones with the purpose or intent of causing his death. At the

conclusion of the evidence, the jury was instructed on first-degree murder and the lesser included offenses of second-degree murder, manslaughter, and negligent homicide.

■ A directed-verdict motion is a challenge to the sufficiency of the evidence. *Durham* v. *State*, 320 Ark. 689, 899 S.W.2d 470 (1995). In determining the sufficiency of the evidence, this court reviews the evidence most favorably to the appellee, and considers only the evidence that tends to support the verdict. *Akbar* v. *State*, 315 Ark. 627, 869 S.W.2d 706 (1994).

■ Circumstantial evidence may constitute substantial evidence. To be sufficient to sustain a conviction, however, circumstantial evidence must exclude every other reasonable hypothesis consistent with innocence. *Bennett* v. *State*, 308 Ark. 393, 825 S.W.2d 560 (1992). This court will affirm if there is any substantial evidence to support the verdict. *Wilson* v. *State*, 320 Ark. 707, 898 S.W.2d 469 (1995).

■■ "A person commits Murder in the First Degree if, with a purpose of causing the death of another person, he causes the death of another person." Ark. Code Ann. § 5-10-102(a)(2) (Repl. 1993). The culpable mental state is "purposely" causing the death of another. "A person acts purposely with respect to his conduct or result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result." Ark. Code Ann. § 5-2-202(1) (Repl. 1993). Intent is seldom capable of proof by direct evidence. Usually it must be inferred from the circumstances of the killing. *Akbar, supra.* The intent necessary for first-degree murder may be inferred from the type of weapon used, from the manner of its use, and the nature, extent, and location of the wounds. *Williams* v. *State*, 304 Ark. 509, 804 S.W.2d 346 (1991). It is axiomatic that one is presumed to intend the natural and probable consequences of his actions. *Akbar, supra.*

■■ Walker challenges the credibility of the state's witnesses and contends the jury had to rely on speculation and conjecture in order to find him guilty of this offense. We do not agree. This court has continuously stated that the determination of matters of credibility of the witnesses and conflicting testimony are issues left to the trier of fact. *Wilson, supra.* Finally, the evidence when viewed in the light most favorable to the state indicates that Walker was shooting a gun in Jones' home. When Jones asked Walker to

stop or to take the gun outside, Walker became angry. Walker then confronted Jones and fired one shot at close range into Jones' forehead. There was substantial evidence, both direct and circumstantial, for the jury to conclude that it was Walker's conscious objective to engage in the conduct which resulted in the death of Jones.

Affirmed.