David Ray MULKEY *v.* STATE of Arkansas

CR 97–509 952 S.W.2d 149

Supreme Court of Arkansas
Opinion delivered October 9, 1997

*Turbeville & Fowler,* by: *Lea Ellen Fowler,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The appellant, David Ray Mulkey, was charged with capital murder for killing his former stepmother, Martha "June" Barnes. Following a jury trial, he was found guilty of first-degree murder and sentenced to life imprisonment. On appeal, appellant's two points for reversal are a challenge to the sufficiency of the evidence and a challenge to the use of a prior conviction to enhance his sentence. We find that neither point has merit and affirm appellant's conviction and sentence.

On New Year's Day 1996, the burned body of June Barnes was found at a dump site on 36th Street near Interstate 430 in Little Rock. A lamp shade, some bed linens, and various blood-stained personal items were found near the body. Autopsy results indicated that the victim had died earlier from blunt-force injuries and strangulation. The pattern of injuries on her skull indicated that she had been beaten with a lamp, and a laceration over her left eye appeared to have resulted from having been struck by a telephone. The victim's former stepson, appellant David Ray Mulkey, was eventually arrested and charged with Barne's murder.

At trial, appellant admitted that he killed the victim. However, he maintained in his motion for directed verdict at the close of the State's case that the state failed to prove that he purposely caused the victim's death. After the trial court denied his motion, appellant testified during his case in chief that, on New Year's Eve, he went to a party where he became drunk and high on marijuana. After leaving the party, he telephoned the victim and received permission to stay the night at her residence. According to appellant, when he arrived at the victim's home, she began to verbally abuse him and call him names. After the victim hit him

in the head twice with a telephone and began kicking him, he became enraged and hit her "at least five or six times" with a lamp. Appellant then "freaked out" when he saw that the victim was covered with blood and heard her make a "gurgling sound." When the sound stopped, appellant knew that she was dead. Panicked, appellant washed his hands, then gathered various blood-stained items and carried them along with the victim's body to her car. He drove to Boyle Park, parked the car, and dumped the body and evidence nearby. He left the body and drove to a store to purchase a jug of gasoline. The appellant returned to the body, poured the gasoline on it, lit it on fire, and left. According to appellant, he located one of his "running buddies" and "stayed drunk and high" until he was eventually questioned by police.

After a jury found appellant guilty of the lesser-included offense of first-degree murder, the State submitted proof to the trial judge that appellant had been previously convicted of two prior felony offenses. Appellant objected to the submission of one of the priors to the jury. After the trial court instructed the jury that appellant had two prior felony convictions, they recommended that appellant serve a life sentence for the murder. The trial court entered judgment accordingly, and appellant appeals.

*Sufficiency of the Evidence*

We explained our standard of review for directed-verdict motions in *Williams v. State*, 325 Ark. 432, 436, 930 S.W.2nd 297 (1996):

> This court treats the denial of a motion for directed verdict as a challenge to the sufficiency of the evidence. The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict; substantial evidence must be forceful enough to compel a conclusion one way or the other beyond suspicion and conjecture. On appellate review, it is only necessary for this court to ascertain that evidence which is most favorable to appellee, and it is permissible to consider only that evidence which supports the guilty verdict

> See also *Choate v. State*, 325 Ark. 251, 254-55, 925 S.W.2d 409, 411 (1996) *(quoting King v. State*, 323 Ark. 671, 916 S.W.2d 732 (1996) (other citations omitted).

To sustain a conviction for first-degree murder, the State was required to prove that the appellant purposely caused the death of June Barnes. See Ark. Code § 5-10-102(a)(2). "A person acts purposely with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result[.]" Ark. Code Ann. § 5-2-202(1) (Repl. 1993).

■ ■ A criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Williams*, 325 Ark. At 437. "The intent necessary to sustain a conviction for first-degree murder may be inferred from the type of weapon used, from the manner of its use, and the nature, extent, and location of the wounds." *Id.; citing Walker v. State,* 324 Ark. 106, 918 S.W.2d 172 (1996). Circumstantial evidence of a culpable mental state may constitute substantial evidence to sustain a guilty verdict. *Williams,* 325 Ark. at 437; *Crawford v. State,* 309 Ark. 54, 827 S.W.2d 134 (1992). In order for circumstantial evidence alone to constitute substantial evidence, however, it must exclude every other reasonable hypothesis consistent with innocence. *Williams,* 325 Ark. at 437; *Key v. State,* 325 Ark. 73, 923 S.W.2d 865 (1996). Once the evidence is determined to be sufficient to go to the jury, the question of whether the circumstantial evidence excludes any other hypothesis consistent with innocence is for the jury to decide. *Id.*

■ In the present case, the jury could have easily inferred from the numerous blunt-force injuries to the victim's skull, as well as from the autopsy evidence that she was strangled, that appellant acted with the purpose to cause the victim's death. The jury also heard evidence that appellant took the victim's body to a dump site, set it on fire, and then left. As attempts to cover up a crime are properly admissible, see *Brenk v. State,* 311 Ark. 579, 847 S.W.2d 1 (1993), the jury could have properly considered this evidence as proof of a purposeful mental state. Moreover, it was within the jury's province to believe or disbelieve appellant's testimony. When considering these circumstances, the jury could have reasonably inferred that appellant acted with the purpose of causing the victim's death. See *Williams, supra.* Thus, we cannot

say that the trial court erred in denying appellant's motion for directed verdict.

*Prior Conviction — CR 87-1985*

For his second assignment of error, the appellant asserts that the trial court erred in using a 1987 burglary and theft of property conviction in the Pulaski County Circuit Court, Docket No. CR-87-1985, in determining his sentence as an habitual offender under Ark. Code Ann. § 5-4-501 (Repl. 1993).

The State has the burden of proving a defendant's prior conviction for purposes of sentence enhancement. *Byrum v. State*, 318 Ark. 87, 884 S.W.2d 248 (1994). On appeal, the test is whether there is substantial evidence that the defendant was previously convicted of the felony in question. *Id.*

In *Heard v. State*, 316 Ark. 731, 876 S.W.2d 231 (1994), we reviewed the statutory method of proof of previous convictions as follows:

> (a) A previous conviction or finding of guilt of a felony may be proved by any evidence that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty.
> (b) The following are sufficient to support a finding of a prior conviction or finding of guilt:
> (1) A certified copy of the record of a previous conviction or finding of guilt by a court of record;
> (2) A certificate of the warden or other chief officer of a penal institution of this state or of another jurisdiction, containing the name and fingerprints of the defendant as they appear in the records of his office; or
> (3) A certificate of the chief custodian of the records of the United States Department of Justice, containing the name and fingerprints of the defendant as they appear in the records of his office.

Ark. Code Ann. § 5-4-504 (Repl. 1993).

In the present case, the trial court conducted a hearing outside the presence of the jury, during which the State introduced a certified copy of the trial court's docket sheet in Pulaski County Circuit Court, which indicated that appellant had pleaded

guilty to burglary and theft of property in CR87-1985. While the docket sheet did not reflect an entry of judgment, it indicated that appellant had received a suspended sentence in the case and had been represented by attorney James Phillips. The State offered the testimony of attorney Phillips, who testified during the in-camera hearing that he had appeared in court and had represented appellant on the charges in question. Mr. Phillips recalled that the disposition of the case had taken place in Judge Floyd Lofton's chambers, where appellant pleaded guilty "to something involving bicycles." According to Mr. Phillips, Judge Lofton was going to put appellant in the penitentiary, but appellant convinced him otherwise. After hearing this evidence, the trial court announced that it was convinced that appellant had been convicted of the prior offense in question, and allowed the State to present the evidence to the jury for consideration in the penalty phase.

■ Appellant first contends that the certified copy of the trial court's docket notation is hearsay. Under A.R.E. 803(8), a record of a public office setting forth its regularly conducted and regularly recorded activities is not hearsay. Thus, appellant's argument is without merit.

■ Appellant also complains that, because the State's evidence did not reflect that a judgment of conviction was entered in CR87-1985, the conviction for burglary and theft of property could not properly be used to enhance his sentence. We have previously rejected this argument in *Reeves v. State*, 263 Ark. 227, 564 S.W.2d 503, *cert. denied* 439 U.S. 964 (1978). In that case, Reeves questioned the admissibility of the State's proof of previous convictions under the habitual criminal statute. Three of Reeves's four convictions that were proved showed that the sentences had been suspended. On appeal, Reeves argued that the sentences were not "convictions" within the meaning of the habitual criminal law. In rejecting Reeves's argument, we reviewed our previous holdings as follows:

> In *Rogers v. State*, 260 Ark. 232, 538 S.W.2d 300 (1976), we held that under the habitual criminal statute in effect in 1975, a judgment imposing a suspended sentence was admissible as a conviction. Act 228 of 1953, as amended. That statute was superseded by the Criminal Code, which became effective on January

1, 1976, under which the case at bar was tried. Act 280 of 1975, 1001 (a section now in turn superseded by Act 474 of 1977, 4; Ark. Stat. Ann. 41-1001 [Repl. 1977]). We do not see, however, any such difference between the language of the statute construed in the Rogers case and that of the 1975 Code as to indicate a change in the legislative intention.

263 Ark. at 230-1. While it is true that a docket notation is not the entry of a final judgment, Ark. Code Ann. § 5-4-404(a) provides that a previous conviction may be proved by *any evidence* that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty. *Id.* In *Heard, supra,* we noted that the original commentary to the statute provides: "The Commission wished to make clear the fact that the state may prove a previous felony conviction by means other than introduction of the certificates described in the statute." See Original Commentary to Ark. Code Ann. § 5-4-504 (Repl. 1993).

■ In the present case, appellant makes no suggestion whatsoever that the certified docket sheet offered by the State did not correctly reflect that he had been convicted of burglary and theft of property in CR87-1985. See *Heard, supra.* Appellant's counsel in CR87-1985, Mr. Phillips, did not dispute the conviction; rather, he recalled that appellant had pleaded guilty in the trial judge's chambers and had in fact talked the trial judge out of sentencing him to a term of imprisonment. Under these circumstances, there was substantial evidence to satisfy the trial court beyond a reasonable doubt that appellant had been previously convicted of the felonies in CR87-1985. Thus, we cannot say that the trial court erred in allowing the State to submit evidence of this prior conviction to the jury for consideration in recommending appellant's sentence.

*Ark. Sup. Ct. R. 4-3(h)*

Reviewing the record in accordance with Ark. Sup. Ct. R. 4-3(h), we find that there are no errors with respect to rulings on objections or motions prejudicial to appellant that would call for reversal.

Affirmed.