Cite as 2025 Ark. 168

# SUPREME COURT OF ARKANSAS

No. CV–24–707

| | |
|---|---|
| EDWARD LEE CARTER<br><br>APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR, ARKANSAS DIVISION OF CORRECTION<br><br>APPELLEE | **Opinion Delivered:** October 30, 2025<br><br>PRO SE APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT<br>[NO. 09CV-24-119]<br><br>HONORABLE ROBERT B. GIBSON III, JUDGE<br><br>AFFIRMED. |

**CODY HILAND, Associate Justice**

In 2007, Edward Lee Carter pulled a firearm on an employee when confronted about stolen merchandise outside of a Hot Springs Walmart. Carter was subsequently found guilty by a Garland County jury of aggravated robbery for which he was sentenced to 30 years' imprisonment. The Arkansas Court of Appeals affirmed Carter's conviction and sentence. *See Carter v. State*, 2009 Ark. App. 683. Carter now appeals the denial of his petition to proceed in forma pauperis in connection with a petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016). The circuit court found that Carter had previously filed an identical claim in that court and denied Carter's petition to proceed in forma pauperis for failure to state a claim for which relief could be granted. We affirm the circuit court's denial of pauper status.

## I. *Denial of In Forma Pauperis Petition*

Carter filed his petition to proceed in forma pauperis and habeas petition in the circuit court of the county of his incarceration. In his petition, Carter alleged that that the criminal information filed in Garland County in case number 26CR-08-142 was never file-marked with the "time[,] date[,] and word filed," which would have verified that the information was entered by the circuit clerk. Citing Arkansas Supreme Court Administrative Order No. 2, Carter contends that the filing of the criminal information is not noted chronologically on the criminal docket—although it appears that the information was filed on March 24, 2008—and notwithstanding the fact that the information was allegedly filed, it still does not bear a file-mark stamp.

He further contends that because an appropriate cover sheet did not accompany the criminal information, the "[c]ircuit [c]ourt clerk did not accept the information in [his case] for filing" because it did not comply with Administrative Order No. 8. Carter argues that as a result, the trial court did not have authority over his criminal case because the trial court acquires jurisdiction upon the filing of an information. On appeal, Carter argues that the circuit court erred by denying his state habeas corpus petition, reiterating the arguments he raised below.[1]

---

[1]The circuit court's order denying relief refers specifically to Carter's petition to proceed in forma pauperis in which he seeks to file a petition for writ of habeas corpus. The circuit court noted that Carter had raised the same claims in a prior petition in that court and had filed a notice of appeal. The circuit court then denied the petition to proceed in forma pauperis for failure to state a claim for which relief could be granted. Carter's claims raised in case number 09CV-23-56 were lodged on appeal in this court in case number CV-23-777; however, the appeal was dismissed on Carter's pro se motion to dismiss on September 26, 2024. The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously

2

## II. *Standard of Review*

When reviewing a circuit court's decision to either grant or deny a petition to proceed in forma pauperis, we look for an abuse of discretion. *Chatmon v. Kelley*, 2020 Ark. 155, at 3, 598 S.W.3d 34, 36. The circuit court's factual findings in support of its exercise of discretion will not be reversed unless clearly erroneous. *Id.*, 598 S.W.3d at 36.

The circuit court did not abuse its discretion by denying Carter's in forma pauperis petition. A colorable cause of action is a claim that is legitimate and may reasonably be asserted given the facts presented and the current law or a reasonable and logical extension or modification of it. *Morgan v. Kelley*, 2019 Ark. 189, at 2, 575 S.W.3d 108, 109. In Carter's underlying petition, he sought a writ of habeas corpus based on an allegation of lack of jurisdiction by the circuit court. A petitioner who seeks a writ of habeas corpus must plead either the facial invalidity of the judgment or lack of jurisdiction by the circuit court. *Clemmons v. Kelley*, 2021 Ark. 47, at 3, 618 S.W.3d 128, 131; *see* Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). The petitioner must make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. *Clemmons*, 2021 Ark. 47, at 3, 618 S.W.3d at 131. The burden is on the petitioner to establish with factual support that he is entitled to issuance of the writ. *Id.*, 618 S.W.3d at 131. A decision to

---

without bringing forward additional facts that would support his argument. *Trammel v. Payne*, 2022 Ark. 76, at 3–4. We have the discretion to determine whether the renewal of a petitioner's application for the writ will be permitted to go forward even if there are additional facts in support of repetitive grounds. *Id.* at 4. The abuse-of-the-writ doctrine forbids a petitioner from raising the same argument that was raised in a previous habeas petition and addressed on appeal. *Id.* We did not make a determination regarding Carter's prior habeas proceeding; thus, the law of the case doctrine would not apply.

deny a request for pauper status may turn on whether the petitioner pleaded sufficient facts in his habeas petition to support his claims for habeas relief. *Id.*, 618 S.W.3d at 131.

## III. *Claims for Relief*

Carter contends that Administrative Order No. 2 requires a file-mark on the face of the information to verify it was filed. Carter further contends that the circuit clerk was unable to file-mark the information because the prosecutor did not attach a cover sheet to the information in accordance with Administrative Order No. 8. Ultimately, Carter's contentions hinge on the lack of a file-mark or "filed" notation on the information, which he claims prevented the trial court from acquiring authority or jurisdiction over the matter.[2] Although Carter attempts to frame his argument as one that questions the jurisdiction of the trial court, his argument is nothing more than a claim of trial error that does not implicate the facial validity of the judgment or the jurisdiction of the circuit court as required for habeas relief.

An allegation of defective information that does not implicate the legality of the sentence is not a jurisdictional issue and is treated as trial error. *Lee v. Payne*, 2023 Ark. 2, at 2. Although Carter frames the file-mark defect as an issue of jurisdiction, it is the commission of the offense within the county that gives a court personal jurisdiction over a defendant for the charges and prosecution. *Id.* A circuit court has subject-matter

---

[2]To the extent Carter challenges the docket entries, this court has stated that docket entries recorded by various court clerks have no bearing on the facial legality of the judgment or the jurisdiction of the trial court that entered it. *See Burks v. Payne*, 2024 Ark. 80, at 5, 687 S.W.3d 798, 802.

4

jurisdiction to hear and determine cases involving violations of criminal statutes. *Harkuf v. Kelley*, 2021 Ark. 107, at 2, 622 S.W.3d 638, 640.

Carter references Administrative Order No. 2(b)(2), noting that the "clerk shall denote the date and time that a judgment, decree or order is filed by stamping or otherwise marking it with the date and time and the word 'filed.'" However, that subdivision refers specifically to judgments, decrees, or orders. Subsection (a) notes that papers filed with the clerk shall be noted chronologically in the dockets, filed in the folio assigned to the action, and be marked with its file number and that an entry of an order or judgment shall show the date the entry is made. Carter does not dispute the validity of the judgment and commitment order, and in this matter, the criminal information was docketed and assigned a criminal case number as required by Administrative Order No. 2.

Moreover, Carter at no point challenges the sufficiency of the information: it names the defendant, the offense charged, the statute under which the charge was made, the court, and the county where the alleged offense was committed and it set forth the principal language of the statute and the asserted facts constituting the offense. Nor does Carter dispute that he was arraigned on an amended information on August 25, 2008, as noted by the docket entries. *See Hunter v. Payne*, 2023 Ark. 79, at 6, 666 S.W.3d 76, 81. Although Carter contends that the prosecutor's error resulted in the circuit clerk not file-stamping the information and that a "court clerk shall not accept an initial pleading or final order that is not accompanied by the appropriate form" pursuant to Administrative Order No. 8, he fails to provide evidence that the lack of a cover sheet was detrimental nor does he establish a

5

basis for lack of jurisdiction when the pleading was, in fact, filed.[3] *See generally Gould v. State*, 2021 Ark. App. 262, at 3. A file-stamp is merely "evidence of filing." *City of Helena-W. Helena v. Williams*, 2024 Ark. 102, at 7, 689 S.W.3d 62, 67 (quoting *Republican Party of Garland Cnty. v. Johnson*, 358 Ark. 443, 451, 193 S.W.3d 248, 254 (2004)).

Furthermore, the trial court, court reporter, and circuit clerk all certified that the record on direct appeal was a true and correct copy of the proceedings in the case. *Williams v. State*, 65 Ark. App. 176, 183, 986 S.W.2d 123, 128 (1999). This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Wright v. State*, 2025 Ark. 54, at 4 n.3, 709 S.W.3d 805, 807. Matters properly incorporated in the original transcript of the appeal are accepted as conclusive. *Williams*, 65 Ark. App. at 183, 986 S.W.2d at 128 (citing *Gill v. Burks*, 207 Ark. 329, 180 S.W.2d 578 (1944)).

Circuit courts have subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, making the circuit court qualified as a court of competent jurisdiction to hear and determine Carter's case. Carter's assertions amount to claims of trial error, and such assertions do not implicate the facial validity of the judgment or the trial court's jurisdiction. *Harkuf*, 2021 Ark. 107, at 5, 622 S.W.3d at 641. As it is clear that Carter failed to state a colorable cause of action, the petition to proceed in forma pauperis was subject to denial, and this court will affirm the circuit court's decision because it reached

---

[3]To the extent Carter claims prosecutorial misconduct, a claim of prosecutorial misconduct does not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Muldrow v. Kelley*, 2018 Ark. 126, 542 S.W.3d 856.

the right result, albeit for the wrong reason. *Colston v. Kelley*, 2019 Ark. 54, at 4, 568 S.W.3d 265, 268.

Affirmed.

*Edward Lee Carter*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.