
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-16-717

| | |
|---|---|
| | **Opinion Delivered** May 3, 2017 |
| CURTIS COLSTON<br>APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-14-483] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE KIRK JOHNSON, JUDGE |
| | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Curtis Colston was convicted by a Miller County jury of aggravated assault and possession of a firearm by certain persons, for which he was sentenced to a total of thirty years' imprisonment. On appeal, appellant contends that the trial court abused its discretion by admitting the video of the alleged incident without proper authentication. We affirm.

On September 20, 2014, appellant and other truck drivers were in the drivers' lounge at the Flying J Truck Stop in Texarkana. Appellant had to be removed from the lounge after he began arguing with the other men. As he was being walked out, he threatened to return with his gun. Approximately an hour later, he returned with a gun and pointed it at Steven Carter. Carter was able to take the gun from appellant and bring it to the manager on duty. The police were called, and appellant was subsequently located in his truck and arrested. He filed a motion in limine on January 20, 2017, seeking to have a video of the incident declared

inadmissible due to his belief that the State could not produce a witness to authenticate the video.

Appellant's jury trial took place on April 26, 2016. Donna Bodkin testified that she was the manager on duty the night of September 20, 2014. She stated that she heard a "ruckus" going on in the drivers' lounge and had to walk appellant out because he was "loud arguing back and forth" while watching a ball game. She said that appellant was angry and that he told her that "he was going to go out and get his gun and come back." She testified that she advised appellant "to go out there and sleep it off" because the police would be called if he returned with a gun. She stated that she did not see appellant return but that she heard "all the ruckus going on again." According to Bodkin, "[t]hey were saying he's got a gun back there." She said that she automatically called the police and that Carter came with the gun and laid it in front of her. She also testified that Carter informed her that appellant was going to get more guns. She said that Carter wanted someone to stop appellant from leaving. She admitted that she did not personally hear appellant make the statements, but stated that she saw him leaving the store. She testified that she subsequently saw a Facebook video that night of what took place in the drivers' lounge. However, she said that the video was removed from Facebook and placed on YouTube. She maintained that the video

> accurately depicts the truck stop on that date and time it happened. I can hear my voice on the video. I can see my image on the video. The noise that I heard in the back matches the noise on the video and [the] statements that were made that I heard.

The State offered the video as evidence, and appellant objected on the bases that the first part of the video was not properly authenticated under Arkansas Rules of Evidence 901

and that Bodkin did not have personal knowledge as required by Arkansas Rules of Evidence 602. Bodkin testified during voir dire that the first part of the video took place in the drivers' lounge and that she was not back there during that time. She stated that she did not know what happened back there, she just heard the noise. She said that someone recorded the video with their cell phone and that Carter sent the video to her via Facebook. She testified that she had a discussion with Carter about the video. Bodkin stated that the voice on the video saying "he's got a gun" is the same voice she heard from the front of the store. The court allowed the video in over appellant's objection. Appellant was subsequently found guilty and sentenced to thirty years' imprisonment. He filed a timely notice of appeal on May 16, 2016.

Appellant argues that the trial court abused its discretion by admitting the video of the alleged incident without proper authentication. The admission of evidence is left to the sound discretion of the trial court, whose ruling will not be reversed on appeal absent a manifest abuse of discretion.[1] To have abused its discretion, the circuit court not only must have made an error in its decision, but also must have acted "improvidently, thoughtlessly, or without due consideration."[2] Even if the trial court erred in making an evidentiary ruling, we would affirm absent a showing of prejudice.[3]

---

[1] *Bruner v. State*, 2013 Ark. 68, 426 S.W.3d 386.

[2] *Id.*

[3] *Id.*

The admissibility of photographic evidence is based on two different theories. One theory is the "pictorial testimony" theory. Under this theory, the photographic evidence is merely illustrative of a witness's testimony, and it only becomes admissible when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness's personal observation.[4] A second theory under which photographic evidence may be admissible is the "silent witness" theory. Under that theory, the photographic evidence is a "silent witness," which speaks for itself, and is substantive evidence of what it portrays independent of a sponsoring witness.[5]

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims.[6] The requirement can be satisfied, for instance, through testimony of a witness with knowledge that a matter is what it is claimed to be.[7] Here, Bodkin testified to having personal knowledge of certain portions of the video but admitted that she did not have such knowledge as to other portions, including the part showing appellant with the gun. This is not fatal because although Bodkin was not present when the gun was drawn, she testified that the video accurately represented what she heard at the time in question from her location. We hold that even if the video did not satisfy the pictorial-

---

[4]*Fisher v. State*, 7 Ark. App. 1, 643 S.W.2d 571 (1982) (citing 2 C. Scott, *Photographic Evidence* § 1021 (2d ed. Supp. 1980); 3 J. Wigmore, Evidence § 790 (Chadbourn rev. 1970)).

[5]*Id.*

[6]Ark. R. Evid. 901(a) (2016).

[7]Ark. R. Evid. 901(b)(1).

testimony theory, it satisfied the silent–witness theory because the foundation requirements for each are different. Here, the foundation presented allowed the trial court to determine that the subject matter was what the State claimed. Therefore, the trial court did not abuse its discretion by allowing in the evidence.

Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Short Law Firm*, by: *Lee D. Short*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.