JOHN DAN KEMP, Chief Justice
Appellant Curtis Colston appeals the circuit court's denial of his petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Colston argues on appeal that there were multiple errors in his trial, there were errors in the Arkansas Court of Appeals' decision in his direct appeal, and this court erred in denying his petition for review. He also contends that the circuit court was wrong to hold that his petition was not timely filed under Arkansas Rule of Criminal Procedure 37.1 (2016). Because Colston's petition was filed as a petition for writ of habeas corpus, and he stated no ground for relief cognizable in a habeas proceeding, we affirm the order.
I. Background
In 2016, Colston was found guilty by a Miller County Circuit Court jury of aggravated assault and possession of a firearm by certain persons and sentenced as a habitual offender to an aggregate term of 360 months' imprisonment. The Arkansas Court of Appeals affirmed. Colston v. State , 2017 Ark. App. 282, 523 S.W.3d 363.
II. Grounds for Issuance of the Writ
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. Baker v. Norris , 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. Johnson v. State , 298 Ark. 479, 769 S.W.2d 3 (1989).
*267 Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416.
III. Standard of Review
A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id.
IV. Claims of Trial Error
The issues raised by Colston in his petition concerned the admissibility of evidence and errors in his trial, in the direct appeal, and in this court's denial of his petition for review.[1] It is well settled that claims of error in the trial court's rulings on evidentiary questions or in the appellate courts' decisions pertaining to the trial court's rulings are not grounds for a petition for writ of habeas corpus. Such claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court. See Williams v. Kelley , 2017 Ark. 200, 521 S.W.3d 104.
V. Consideration of Habeas Petition under Rule 37.1
While the circuit court was correct when it noted that Colston's petition was untimely if considered as a petition pursuant to Rule 37.1, the circuit court was not the trial court. Colston's petition was filed in Pulaski County only because he was incarcerated in that county. It is axiomatic that any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780. Gardner v. Kelley , 2018 Ark. 300, 2018 WL 5076670 ; see also Ark. Code Ann. § 16-112-201 (Repl. 2016) (providing that petitions under Act 1780 are brought in the court in which the petitioner's judgment of conviction was entered). In Colston's case, he was convicted in Miller County, and any Rule 37.1 petition he desired to file should have been timely filed in that county where the judgment of conviction was entered.[2] Nevertheless, because *268 it is abundantly clear that Colston's petition stated no claim for relief that was within the purview of a habeas corpus proceeding, the habeas petition was subject to denial on that basis. This court will affirm the circuit court's decision because it reached the right result, albeit for the wrong reason. Marshall v. State , 2017 Ark. 208, 521 S.W.3d 456.
Affirmed.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
I am mindful that our case law has substantially narrowed the circumstances under which relief under our state habeas corpus statute may be had. However, in light of the Supreme Court of the United States' rejection of this limit on habeas corpus when it reversed Jackson v. Norris , 2011 Ark. 49, 378 S.W.3d 103 ( Jackson I ), in Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the majority's analysis is no longer valid. As in the case before us, this court in Jackson I disposed of Jackson's habeas petition stating, "Jackson has failed to allege or show that the original commitment was invalid on its face or that the original sentencing court lacked jurisdiction to enter the sentence. We hold that the circuit court's dismissal of the petition for writ of habeas corpus was not clearly erroneous." Jackson I , 2011 Ark. 49, at 5, 378 S.W.3d at 106. Inexplicably, this court continues to cite and rely on the same rationale that the Supreme Court of the United States has expressly rejected in habeas cases. Accordingly, I must dissent.

In his brief, Colston summarized the issues raised in his habeas petition in the following manner: (1) can the admissibility of photographic evidence be based on more than two theories of authentication; (2) under either the pictorial-communication theory or the silent-witness theory of photographic authentication, can either theory be applied based solely on what a witness heard; (3) can a witness testify to the accuracy of an event even if that witness was not present to witness the event; (4) can the belated recognition of an individual image in video footage be enough to authenticate the entire video recording if the witness has not provided testimony material and relevant to what the proponent claimed; (5) can a video recording provide testimony to a jury in a criminal trial without providing the accused the right to confront the witness therein; (6) is it constitutional or fundamentally fair for the accused to be denied recourse to address the wrong when he has not had the right to confront all witnesses who provided testimony.

In accordance with Rule 37.2(c)(ii), a petition claiming relief under the Rule must be filed in the trial court within sixty days of the date the mandate issued if the judgment was appealed. White v. State , 2018 Ark. 81, 540 S.W.3d 291, cert. denied , --- U.S. ----, 139 S.Ct. 390, 202 L.Ed.2d 298 (2018). The time limitations imposed in Rule 37.2(c) are mandatory, and the trial court may not grant relief on an untimely petition. Latham v. State , 2018 Ark. 44, 2018 WL 897481.