Filed 04/14/26

| | |
|---|---|
| **VERMONT SUPERIOR COURT**<br>Chittenden Unit<br>175 Main Street<br>Burlington VT 05401<br>802-863-3467<br>www.vermontjudiciary.org | **CIVIL DIVISION**<br>Case No. 23-CV-01915 |



| | |
|---|---|
| In Re: Richard Morrell | DECISION ON MOTIONS |

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

This is a post-conviction relief ("PCR") case filed by Petitioner Richard Morrell challenging his 2021 conviction for attempted domestic assault, which was affirmed by the Vermont Supreme Court in 2022. In May 2023, Morrell filed this action alleging ineffective assistance of counsel. Pursuant to Rule 56 of the Vermont Rules of Civil Procedure, the parties have filed cross motions for summary judgment focusing on the admission of two pieces of evidence at trial: (1) a video recording from Morrell's home video system and (2) testimony from the arresting officer who was transporting Morrell to the police barracks following his arrest.[1] Morrell is represented by Dawn Seibert, Esq. and the State is represented by Deputy State's Attorney Andrew Gilbertson. On March 18, 2026, the Court heard oral argument on the motions, and then took the matter under advisement for determination. For the reasons discussed below, Morell's motion for summary judgment is GRANTED and the State's motion is DENIED.

## Undisputed Material Facts

On July 22, 2021, following a jury trial, Richard Morrell was convicted of misdemeanor attempted domestic assault on his wife, Tammie.[2] Specifically, the State accused Morrell of attempting to cause bodily injury to Mrs. Morrell by pushing her. Mrs. Morrell did not provide a sworn statement to the police. She testified at a pre-trial hearing and at trial that she was the aggressor and that Morrell did not assault her. She explained that she initiated the physical contact with her husband and lied to the police about the incident because she had been driving

---

[1] As stated in Morrell's motion, the parties have stipulated as to the set of issues and questions presented in this case.

[2] Each party filed a Statement of Undisputed Material Facts in support of its own motion for summary judgment, but neither Morrell nor the State filed responses to the other's statements. Pursuant to V.R.C.P. 56(e)(2), the Court considers both parties' statements undisputed. *See Boyd v. State*, 2022 VT 12, ¶ 8 n.1, 216 Vt. 272 (where plaintiff "did not directly respond to defendant's statement of facts[,] . . . for purposes of summary judgment, defendant's facts are deemed undisputed").

intoxicated with her children in the car. A video recording exists of the alleged offense from a home recording system that Morrell had provided to law enforcement. The video shows Mr. Morrell leaning over Mrs. Morrell with clenched fists, and it shows him pushing Mrs. Morrell onto a table, leaning over her while they struggled. At trial, the prosecution introduced a copy of the video that an officer made using his cell phone while he watched the recording, despite previously representing to the court that she would use a version that had been taken directly from the home recording system. No date or time stamp appears anywhere on the video recording that the officer made.

At trial, Mrs. Morrell testified that the video clip shown to the jury was incomplete and misleading, omitting evidence that corroborated her testimony:

> I punched him in the face several times. He did absolutely nothing but restrain me, absolutely nothing. So you need to show that whole entire video because you didn't see – I'm sure you guys didn't see the whole part with me attacking him. Positive you guys didn't see that, right? . . . If you guys watched the whole video, you would see that I was the one keep – antagonizing him.

Morrell's defense counsel did not challenge the admissibility of the officer's cellphone recording when it was introduced at trial. Accordingly, the prosecution took no steps to authenticate the officer's video recording – either by calling the officer who created the video or by asking Mrs. Morrell whether the video accurately depicted the events recorded.

In addition, the arresting officer who was transporting Mr. Morrell to the police barracks testified at trial as follows:

> I was transporting [Mr. Morrell] down to corrections, as we got closer to corrections, it was like a – a light switch had flipped inside him. He had been very cordial, very polite to us all evening. And once we got down to corrections, he became very angry. Almost immediately once we got into corrections and got him into – out of the vehicle and into the bay before we got into corrections, he was demanding to see the court work. He was yelling. He was screaming. You know, it was just a very different display from what I had seen all night, and it was definitely just instantaneously.

Defense counsel did not object to this testimony by the arresting officer.

The parties' expert witnesses agree that without the video, there likely would not have been sufficient evidence to convict Mr. Morrell. They disagree, however, about whether the State could have overcome an objection to the video's admission into evidence had defense counsel raised one. Morrell's expert opined that the trial court would have excluded the video upon objection, and therefore the failure to object constituted ineffective assistance of counsel. According to the State's expert, the State likely would have been able to authenticate the video and it would have been admitted over any objection. Moreover, the State argues that the appellate court's decision that admitting the video was not plain error forecloses the argument that there were insufficient grounds in the record to admit the video. With regard to the arresting

2

officer's testimony about Morrell's demeanor during his transportation to the barracks, both experts agree that defense counsel should have objected to the testimony and that the court would have excluded it had an objection been made, although the State's expert contends the error was harmless given the strength of the video evidence.

Discussion

To prevail on his ineffective assistance of counsel claim, Mr. Morrell "must show by a preponderance of the evidence that: (1) his counsel's performance fell below an objective standard of performance informed by prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the proceedings would have resulted in a different outcome." *In re Grega*, 2003 VT 77, ¶ 7, 175 Vt. 631 (citations omitted); *accord In re Russo*, 2010 VT 16, ¶ 16, 187 Vt. 367; *see also Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984) ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Summary judgment shall be granted when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." V.R.C.P. 56(a). In this case, the parties do not dispute the facts; rather, they dispute only whether the video that was shown to the jury would have been excluded by the court if defense counsel had objected to its introduction at trial. This is a purely legal question, although the Court's analysis must be based on the undisputed facts and other competent evidence in the record. V.R.C.P. 56(5). If the Court determines that the video would not have been admitted, the parties' experts agree that the result of the proceeding probably would have been different.

As noted above, Morrell appealed his conviction to the Vermont Supreme Court. Morrell argued that the trial court committed reversible error in admitting the video recording. *State v. Morrell*, Case No. 21-AP-218, 2022 WL 1515057, at *1 (Vt. May 2022) (unpub. mem.). Because Morrell did not object to the introduction of the video at trial, the Supreme Court reviewed the admission of the video for plain error. *Id*. at *2. When reviewing for plain error, the Supreme Court considers whether "exceptional circumstances [exist] where a failure to recognize error would result in a miscarriage of justice, or where there is glaring error so grave and serious that it strikes at the very heart of the defendant's constitutional rights." *State v. Yoh*, 2006 VT 49A, ¶ 39, 180 Vt. 317 (quoting *State v. Oscarson*, 2004 VT 4, ¶ 27, 176 Vt. 176). A finding of plain error requires "not only that the error seriously affected substantial rights, but also that it had an unfair prejudicial impact on the jury's deliberations." *Oscarson*, 2004 VT 4, ¶ 27 (citation omitted)).

The Supreme Court held that the trial court did not commit plain error in admitting the video into evidence. Under Rule 901(a) of the Vermont Rules of Evidence, the trial court assumes the role of a "gatekeeper" and must "only 'conclude that there is evidence upon which a reasonable jury' could find 'that the evidence is what it purports to be.'" *Morrell*, 2022 WL 1515057, at *2 (quoting *State v. Hiltl*, 2021 VT 60, ¶ 28, 215 Vt. 305). As the *Morrell* Court observed, the record indicated that Morrell "controlled the video recording, which captured

3

images from his home," that "[h]e provided the camera system to police and there was no opportunity for police to modify it before viewing it," that "Defendant demanded that police review the video that he provided," and that "[D]efendant and police watched the video together." *Id*. Based on these facts, the Court concluded that "there was evidence from which the jury could reasonably conclude that the video was what it purported to be, and the [trial] court did not commit plain error in admitting it." *Id*. at *3. Therefore, the Supreme Court concluded, the trial court's admission of the surveillance video did not constitute a "miscarriage of justice or glaring error that 'strikes at the very heart of defendant's constitutional rights.'" *Id*. (quotation omitted).

Contrary to the State's assertion, however, the *Morrell* Court's determination that the trial court did not commit plain error in admitting the video does not resolve the question as to whether defense counsel provided ineffective assistance by failing to make an objection at trial. Had counsel done so, the State would have been required to authenticate the video. *See Morrell*, 2022 WL 1515057, at *2 (distinguishing *Hiltl* on the grounds that its instant review "is only for plain error"). Rule 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." V.R.E. 901(a). The rule offers many examples of acceptable authentication or identification, including: (1) testimony by a "witness with knowledge" that "a matter is what it is claimed to be," and (2) "[e]vidence describing a process or system used to produce a result and showing that the process or system produces an accurate result." V.R.E. 901(b)(1), (9).

These examples correlate with two theories that have become acceptable methods of admitting photographs and videotapes into evidence in Vermont and elsewhere: the "pictorial testimony" theory and the "silent witness" theory. Under the pictorial testimony theory, "photographic evidence is admissible only when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness's personal observation." *State v. Hiltl*, 2021 VT 60, ¶ 28, 215 Vt. 305 (quoting T. Farrell, *Construction & Application of Silent Witness Theory*, 116 A.L.R. 5th 373, § 2[a]). Under the silent witness theory, "the photographic evidence is a silent witness which speaks for itself, and is substantive evidence of what it portrays independent of a sponsoring witness." *Id*.; *accord State v. Stevens*, Case No. 24-AP-318, 2025 WL 2829529, at *3 (Vt. Oct. 2025) (unpub. mem.) ("Video evidence may be authenticated either by a witness testifying that the video is accurate based on the witness's personal observation or under the 'silent witness theory, under which the photographic evidence is a silent witness which speaks for itself, and is substantive evidence of what it portrays independent of a sponsoring witness.'" (quoting *Hiltl*, 2021 VT 60, ¶ 29)).[3]

Courts in other states have addressed the distinction between the two methods in ways that are instructive. For example, the Arkansas Court of Appeals explained:

---

[3] Trial courts are free to "consider three-justice decisions from [the Vermont Supreme] Court for their persuasive value, even though such decisions are not controlling precedent." *Washburn v. Fowlkes*, Case No. 2015-089, 2015 WL 4771613, at *3 (Vt. Aug. 2015) (unpub. mem.) (citing V.R.A.P. 33.1(d)).

The admissibility of photographic evidence is based on two different theories; one theory is the pictorial testimony theory, which provides photographic evidence is merely illustrative of a witness's testimony, and it only becomes admissible when a sponsoring witness can testify that it is a fair and accurate representation of the subject matter, based on that witness's personal observation, and a second theory is the silent witness theory, which provides the photographic evidence is a silent witness, which speaks for itself, and is substantive evidence of what it portrays independent of a sponsoring witness.

*Colston v. State*, 523 S.W.3d 363, 365 (Ark. Ct. App. 2017). Further, the Alabama Court of Criminal Appeals considered the requirements for authenticating a photograph or video recording under each theory:

[T]o admit a recording under the pictorial-communication theory, the admitting party must present a "qualified and competent witness who can testify that the medium accurately and reliably represents what he or she sensed at the time in question." In other words, the witness who lays the foundation for the admission of a recording under the pictorial-communication theory has to have been present at the time the recording or photograph was made. If there is no such qualified witness, the admitting party must rely on the silent-witness theory to have the recording or photograph admitted into evidence. Indeed, the two "theories are mutually exclusive, rather than alternative theories."

*Powell v. State*, CR-20-0727, 2024 WL 1947990, at *25 (Ala. Crim. App. May 3, 2024) (quoting *Spradley v. State*, 128 So.3d 774, 780-82 (Ala. Crim. App. 2011)), *petition for cert. filed*, U.S. (Jan. 15, 2026) (No. 25-848).

At oral argument, the Court asked the State how it would have authenticated the video had defense counsel made an objection. The State responded that it would have relied on the pictorial testimony theory. When pressed to explain what evidence the State would have proffered had there been an objection, the State pointed only to the evidence identified by the Supreme Court in its decision on appeal. In addition to the evidence cited above, the Supreme Court noted that the officer who went to the home to interview Morrell testified at trial that the video "fairly and accurately depicted the inside of the [Morrells'] residence" and that he "recognized [Mr. Morrell] and a woman who had the same appearance as his wife." *Morrell*, 2022 WL 1515057, at *3.

While such evidence might have assisted the State in authenticating the video under the silent witness theory, it falls short of what is necessary to satisfy the pictorial testimony theory, which requires a witness to testify that what is depicted in the video "is a fair and accurate representation of the subject matter, based on that witness's personal observation." *Hiltl*, 2021 VT 60, ¶ 29; *see also Mooney v. State*, 321 A.3d 91, 102 (Md. 2024) (stating pictorial testimony theory of authentication involves testimony by witness with knowledge of events depicted on video); *State v. Anglemyer*, 691 N.W.2d 153, 160 (Neb. 2005) ("Under the [pictorial testimony] model, a photograph, motion picture, videotape, or other recording is . . . is admissible only when a witness testifies that it is a correct and accurate representation of facts that the witness

personally observed." (citing 2 *McCormick on Evidence* § 214 (5th ed.)); 2 *McCormick on Evidence* § 215 (9th ed.) (a photograph is "authenticated if the witness testifies that [it] is a correct and accurate representation of relevant facts personally observed by the witness").

Thus, under the pictorial testimony theory, there are only two witnesses who would have been competent to authenticate the video because they were at the Morrells' home during the events in question. However, Morrell exercised his right not to testify, and Mrs. Morrell was not asked at trial whether the video was an accurate representation of what occurred on the night at issue. Nor did the State assert that it would have asked her this question had it been required to authenticate the video, let alone demonstrate what her answer would have been. Accordingly, the Court finds Morrell has demonstrated that the trial court likely would not have admitted the home surveillance video had defense counsel objected to it at trial.[4]

As noted above, both parties' experts agree that there would not have been sufficient evidence to convict Mr. Morrell without the video. The Court concurs that the video was a crucial piece of evidence and there is a reasonable probability that the outcome of the criminal case would have been different without its admission. *See Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Therefore, the Court concludes Morrell has demonstrated his claim of ineffective assistance of counsel. *See Grega*, 2003 VT 77, ¶ 7.

Based on the Court's conclusion, the Court does not reach Morrell's claims that other conduct by his criminal defense attorney constituted ineffective assistance of counsel.

Order

For the foregoing reasons, Morrell's Motion for Summary Judgment (Mot. #16) is GRANTED. The State's Motion for Summary Judgment (Mot. #17) is DENIED.

Petitioner's conviction is vacated and this case is hereby remanded to the Chittenden Criminal Division for further proceedings. 13 V.S.A. § 7133.

---

[4] In light of the State's reliance on the pictorial testimony theory in this matter, the Court need not address whether the video could have been authenticated under the silent witness theory. The Court notes, however, that there is no time or date stamp on the video, and it seems undisputed that neither of the Morrells could testify as to the workings of the surveillance system. Morrell told law enforcement that "he wasn't really sure how to use" the video system, *see* Trial Tr. at 38, and Mrs. Morrell apparently had no information other than the knowledge that there were video cameras in the house. Thus, it would not appear that the State could have presented a witness to satisfy the element of the silent witness theory "to show the circumstances under which a video was taken and the reliability of the reproduction process." *Hiltl*, 2021 VT 60, ¶ 31 (quotation omitted).

Electronically signed on April 14, 2026 at 9:43 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge